Coös.
May 5, 1908.

## RUSSELL & a. v. HOWELL & a.

The builder's lien created by section 10, chapter 141, Public Statutes, is not terminated by the death of the owner within ninety days after the labor is performed.

The heirs of an insolvent decedent are properly made parties defendant in an action to enforce a lien for labor performed upon his buildings.

ASSUMPSIT, to enforce a mechanic's lien. The owner of the premises upon which the labor was performed died insolvent before this suit was brought. The defendants are his heirs, administrator, and widow. The plaintiffs moved for judgment, and the defendants to dismiss; and the questions of law raised by these motions were transferred without a ruling from the December term, 1907, of the superior court by *Chamberlin,* J., upon an agreed statement of facts.

*Herbert I. Goss,* for the plaintiffs.

*William H. Paine,* for the defendants.

YOUNG, J. The questions discussed and the only ones considered are (1) whether the owner's death terminated the plaintiffs' lien, and (2) whether the heirs were properly made defendants at the time this proceeding was begun.

1. The statute (P. S. c. 141, ss. 10, 16) provides in substance that persons who furnish work as the plaintiffs did shall have a lien on the property for ninety days after the work is completed. There is nothing in the statute to suggest that the lien shall be lost if the owner dies within the ninety days; consequently it must be held that the owner's death did not destroy the plaintiffs' lien. The same construction has been given similar statutes in other jurisdictions. 27 Cyc. 52.

2. Real estate vests in the heirs on the death of the owner; consequently they were the proper defendants when this proceeding was begun. As the land is needed to pay debts, it was proper, after the appointment of the administrator, to cite him in to defend; but on the agreed facts, neither he nor the heirs can make any defence to this action which the owner could not make if living. There must be, therefore, a verdict for the plaintiffs according to the agreement of the parties; for in so far as the widow is concerned, she stands just as she would if the lien had been foreclosed in her husband's lifetime.

*Case discharged.*

All concurred.