AUGUST TETZLOFF, Appellee, v. GEORGE E. MAY, Administrator of the Estate of C. C. Feil, Deceased, Defendant, and PAULINE FEIL ET AL., Interveners, Appellants.

**Attachment:** DOWER: PRIORITY OF LIENS. An attachment levied against a husband's real estate during his lifetime but not confirmed by judgment or sale prior to his death is not a lien paramount to his widow's distributive share in such real estate.

**Same:** WIDOW'S ALLOWANCE FOR SUPPORT. A widow's statutory right to the payment of her allowance for support out of the lands of her deceased husband if necessary is not subject to the lien of an attachment against her husband alone, levied in his lifetime but undetermined at his death.

*Appeal from Floyd District Court.*—HON. C. H. KELLEY, Judge.

WEDNESDAY, JUNE 7, 1911.

THE opinion states the case.  *Reversed.*

*Frank Lingenfelder,* for appellants.

*H. J. Fitzgerald,* for appellee.

WEAVER, J.—On November 30, 1909, the plaintiff
instituted this action to recover a money judgment against
C. C. Feil for grain sold and delivered and on the same
day in aid of his said suit caused a writ of attachment
to issue and be levied upon certain real estate owned by
Feil.  On February 14, 1910, and before said action had
been brought to trial or any judgment rendered therein,
said defendant C. C. Feil died intestate, seised of the legal
title to said real estate and leaving Pauline Feil, his
widow, and Wilhelmine Feil and Mollie Feil, his chil-
dren and only heirs at law.  George E. May was ap-
pointed and qualified as administrator of the estate, and
on August 10, 1911, was substituted as defendant in this
action.  Thereafter the widow, who had been granted an
allowance of $300 under the statute for her year's sup-
port, filed a petition of intervention alleging the facts as
hereinbefore recited.  She further alleged that the de-
ceased left no personal estate from which her widow's
allowance could be paid, and that the same must be paid,
if at all, out of the proceeds of the attached real estate,
which is also incumbered by a prior mortgage.  Upon
the facts pleaded the intervener takes the position that
her right to a widow's share in the property and to the
payment of her allowance from said property is in no
manner affected or diminished by reason of the levy of
said attachment, and she asks the court for an order or
judgment establishing and protecting her said rights as
superior to the lien if any created by said levy.

To this petition the court sustained a demurrer be-
cause it being admitted that the attachment was levied
before the husband's death, the rights of his widow under
the statute in or to said real estate are subject to the lien
acquired by the levy, and she is therefore not entitled to
the relief asked in her petition. To this ruling the inter-
vener excepted, and, declining further to plead, her peti-
tion was dismissed. The administrator took no issue upon
the claim of the attachment plaintiff, a default and judg-
ment were entered against him for the amount claimed
and special execution ordered for the sale of the property.

I. Does the widow take her distributive share in
her deceased husband's real estate subject to the attach-
ment levied thereon in his lifetime not confirmed by judg-
ment or sale prior to his death? The nature

1. Attachment:
dower: pri-
ority of liens.

and extent of the widow's right in this re-
spect are defined and fixed by the statute.
Her distributive share thus provided is "one-third in value
of all the legal or equitable estate in real property pos-
sessed by the husband at any time during their marriage
which have not been sold on execution or other judicial
sale and to which the wife has made no relinquishment
of her right." Code, section 3366. It is conceded that
the deceased was the holder of the title to this real estate
in his lifetime and during the existence of his marriage
relation with intervener and that he died without a will.
It is not claimed that the wife has ever made any relin-
quishment of her right as such in said property. Neither
is it claimed that the property has ever been sold on ex-
ecution or other judicial sale. Unless, therefore, we un-
dertake to amend the statute by judicial pronouncement it
would seem that the intervener succeeds to her statutory
share in the real estate of her husband unaffected by an
attachment made in his lifetime, but still pending and
undetermined at his death. In many jurisdictions, and
perhaps by the greater weight of authority, it is held that

an attachment upon real estate is dissolved by the death of the defendant before judgment entered. We have held otherwise with reference to an attachment on personalty (*Lord v. Alled,* 34 Iowa, 281), but whether we would so hold as to an attachment on realty we think it unnecessary now to decide, for the statute we have referred to seems decisive of the question here presented. For the purposes of this case we may assume that by his attachment the plaintiff acquired a lien which would give him preference over nonattaching creditors in the payment of claims against the estate. The widow's share is, of course, subject to a lien to which she has assented by uniting in a mortgage or other instrument creating the same, but a mortgage lien created by the husband alone, and not enforced by judicial sale, will not prevail against her statutory right to share in his property. *Trowbridge v. Sypher,* 55 Iowa, 352; *Mock v. Watson,* 41 Iowa, 241.

For still more obvious reasons a mere attachment on a claim against the husband alone and not confirmed by judgment should be held ineffective to destroy or impair the rights guaranteed to the wife. A mere lien constitutes no property or interest in the land itself. At most it creates or confers a right to subject such property to the claim of the lienholders to the exclusion of subsequent adverse interests. *Ind. Dist. v. Werner,* 43 Iowa, 643; *Rodgers v. Bonner,* 45 N. Y. 379. Because the death of the debtor occurred after the levy of the attachment, it does not necessarily follow that the right of the widow in the land is subsequent or inferior to the lien of the attachment. Her rights attach from the date of the coexistence of her marriage and her husband's seisin. True, the right remains inchoate during his lifetime, but its preservation until it shall ripen into a more perfect title upon the husband's death has been safeguarded by the statute, and it can not be taken from her by her husband's creditors, save upon her own relinquishment or by judicial

sale in her husband's lifetime. He who levies an attachment on his debtor's land does so with knowledge of the statutory rights of his wife in the event of such debtor's death before the property has been appropriated by judicial sale, and he is in no manner wronged or legally prejudiced by confirming her distributive share undiminished by the amount of his demand, however just it may be as a claim against the deceased's estate.

II. Does the plaintiff's attachment take precedence of the widow's allowance for support? This, also, we think must be answered in the negative. This allowance is classed by the statute with charges for the last sickness and funeral of the deceased and expenses of administration as preferred to all other claims. See Code, sections 3347 and 3348. And for reasons suggested in the preceding paragraph we think a creditor of the estate can not be permitted to absorb it and deprive the widow of her support by the expedient of attaching the property in the closing days of the debtor's life in a proceeding which remains pending and undetermined until after his death. To hold otherwise would open the door to much abuse. The purpose of the law which provides for an attachment in aid of an action for recovery of debt is not to interfere with or defeat the statutory rights of one spouse in the property of the other nor will it be allowed to have that effect in the absence of some rule or principle rendering such result unavoidable. While our statute provides for the survival of actions and the substitution of the administrator as a party to the pending proceedings, it expressly declares that a judgment rendered after the death of the defendant shall have the effect of a mere allowance of a claim and shall constitute no lien. Code, section 3345. No exception is provided for pending actions in attachment, and if one is to be recognized we are of the opinion the lien so established must be held subject to the rights

2. SAME: widow's allowance for support.

of the surviving spouse who is not a party to the action and has in no manner waived or relinquished them in favor of the creditor. What may be the rights, if any, of such creditor as against other creditors filing claims and obtaining their allowance in the usual way is a question not here presented and we need not pass upon it. What we hold is that the statutory rights of the wife in the lands of which her husband dies seised and her right to preference in payment of her allowance for support, are not subject to the lien of an attachment in an action against the husband alone levied in his lifetime and left pending and undetermined at his death. It follows that the judgment appealed from must be reversed, and cause remanded for further proceedings in harmony with this opinion. *Reversed.*