G. J. STEWART & COMPANY, Appellee, v. CHARLES M. WHICHER et al., Appellants.

**EVIDENCE:** Transaction with Deceased—Competent and Incompetent Evidence on Same Issue—Equity Case. Prejudicial error cannot be predicated on the reception of evidence, in an equity case, of personal transactions between the witness and a deceased in violation of Sec. 4604, Code, when the matter in issue was fully established by other competent evidence.

**MECHANIC'S LIEN:** Statute of Limitation. An action to enforce a mechanic's lien by a principal contractor is barred in two years and ninety days from the date on which the last of the materials was furnished, whether the lien was filed within ninety days after the last material was furnished or not.

**DOWER:** Mechanic's Lien—Liability. Dower attaches under Sec. 3366, Code, upon the concurrence of seizin of the husband and coveture of the wife, continues thereafter as an incumbrance upon the land, and becomes fully vested upon the death of the husband, freed from liability for his debts.

PRINCIPLE APPLIED: Five months before his death the husband, owner of the land, purchased materials for an improvement on the land. More than ninety days after the last item of material was furnished and before any claim for a mechanic's lien was filed, the dower of the wife was actually set off to her. *Held*, the dower lands were not subject to a mechanic's lien for the materials furnished.

**MECHANIC'S LIEN:** Filing After Ninety Days—Claims in Probate—Precedence Over. Third-class claims in probate (those filed within six months after notice of administration is given) are not "incumbrances" within the meaning of Sec. 3092, Code, which provides that a failure of the principal contractor to file a claim for mechanic's lien within ninety days after the last of the material was furnished shall not defeat the lien except against "* * * incumbrances in good faith, without notice,

whose rights accrued after the  *  *  *  ninety days and before any claim for the lien was filed.'' This is true, though the said· third-class claims were filed, allowed, and an order of the court entered for the sale of the land in order to pay them, more than ninety days after the last item of material was furnished by the contractor.

**MECHANIC'S LIEN:  Death of Owner—Right of Contractor to Perfect Lien.** The death of the owner of land upon which an improvement has been erected does not deprive the contractor of the right to perfect and enforce a mechanic's lien on the land, within the time and under the conditions provided in Sec. 3092, Code.

*Appeal from Lucas District Court.*—Hon. Frank W. Eichelberger, Judge.

Saturday, December 19, 1914.

Action in equity on four counts to establish and foreclose mechanics' liens on four different tracts of land belonging to H. D. Copeland, deceased. The trial court found and decreed that plaintiff was entitled to the establishment and foreclosures of the four mechanics' liens on the different tracts of land belonging to the estate of H. D. Copeland, deceased, and which belonged to him at the time the materials were furnished. The defendants and interveners appeal.—*Affirmed* in part, *Reversed* in part.

*Roberts* and *Webber,* for intervening creditors, appellants, *Frank H. Dewey* for defendants and *Carrie C. Copeland,* intervener, appellants.

Preston, J.—At the time of the death of H. D. Copeland he owned a large amount of land in Lucas county and it was supposed that his estate was solvent. The administrators were permitted to spend several thousand dollars for a mausoleum for the deceased. After the time for filing claims for mechanics' liens had expired it was discovered that the estate was insolvent and that it would be necessary to sell the real estate to pay debts. The plaintiff had an account against

the deceased, part of which was for lumber and other materials, for which plaintiff later filed claims for mechanics' liens, but a part of the account was for grain and other items for which plaintiff would not be entitled to a mechanic's lien.

Plaintiff filed its entire claim in the sum of $2,272.35 as a claim against the estate but it was not filed until after six months, so that it became a fourth-class claim. It appears that there will be nothing for fourth-class claimants. The intervening creditors have claims filed and allowed against the estate and within six months and are therefore claimants of the third class. These claims were allowed and an order of court obtained to sell the land to pay debts before plaintiff filed its claims for mechanics' liens. When plaintiff filed its claims against the estate they had no intention of filing mechanics' liens and did not do so until after it was found there would be nothing for claimants of the fourth class. The plaintiff's claims for mechanics' liens were not any of them filed within ninety days from the last item in the account for materials furnished for the four different farms or tracts of land. One of such claims was not filed for more than two years and ninety days after the last item of such account. The other three claims for mechanics' liens were filed nearly two years and ninety days after the last item. The deceased left a widow and two children surviving.

It appears that the dower of the widow had been set off to her before plaintiff filed its claims for mechanics' liens and after ninety days allowed for filing such claim. The plaintiff was not a party to that proceeding. The claim of the plaintiff is that while it did not file its claims for mechanics' liens within the ninety days given by the statute, yet it claims that under Code Sec. 3092, it had the right to file and enforce the same at any time within the statute of limitations; that defendant and interveners are not purchasers nor incumbrancers within the meaning of the same statute and that their rights did not accrue after the ninety days and hence they cannot urge the objection that plaintiff did not file its claims

within the ninety days. The defense to the first count in addition to the other defenses hereafter mentioned was that all the items claimed to have been furnished and for which lien was claimed were furnished more than two years and ninety days before the claim for lien was filed or notice of lien given. The defense to the second count of the petition was that the statement of account showed that it did not constitute a continuous, open, and running account and that the greater part of the account was more than two years and ninety days old when notice and claims for liens were filed. The defense to another count was that the last item charged was one year removed from the last preceding item and was not a part of the same open account and that a part of said account for which lien was claimed was more than two years and ninety days old when claims were filed. Further defense was made to the several counts for the reason that before the said notice and claims for liens were filed, the real estate belonging to the estate had been ordered sold by the court on proper petition to pay debts and the rights of the creditors of the estate had intervened and become superior and paramount to any claim for mechanics' liens, for which notice and claims had not been filed prior to said order. The defense was also made as to one count of the petition that the land sought to be burdened with the lien had been set apart to the widow by proper order of the court as her distributive share before any notice or claim for mechanics' lien had been filed and that her rights were prior and paramount to any claim for lien filed after such distributive share had been so set aside.

The widow was a defendant to these foreclosure proceedings and filed an answer setting up her rights and she also filed a petition of intervention. The holders of third-class claims asserted their rights by intervention. The trial court found that the lien of plaintiff as to its claims should be established, and as superior to the rights of the widow and creditors; it rendered judgment for the several amounts, which,

under the statute, is equivalent to establishing the claim, and foreclosed the mechanics' liens.

I. The first error assigned and point made by appellants is that the court erred in admitting the testimony of G. J. Stewart relative to conversations with H. D. Copeland and

1. EVIDENCE: transactions with deceased competent and incompetent: equity case.

in overruling the objections of defendants and intervening creditors to the admission of such testimony for the reason that the same was incompetent under Sec. 4604 of the Code. Much of his testimony is incompetent. There was other evidence than that of this witness to show the contract between plain- tiff and deceased for furnishing the materials and it is contended by appellants that even though this be so, the admission of such testimony is prejudicial error and in support of this they cite *Cowan v. Musgrave*, 73 Iowa 384. But that was a law action. The instant case was tried in equity and the court made no ruling on the objections. The evidence was admitted subject to the objections. In so far as the evidence was incompetent it has not been considered. There were certain concessions made on the trial and witnesses for plaintiff who were its clerks and other employees testified to hearing conversations between deceased and Stewart and tenants of deceased, and others testified that the materials were used on the different properties.

Taking the entire record we are satisfied that the claim as to these matters was established by evidence other than that of Stewart and evidence which was competent.

II. As to the statute of limitations plead in regard to the first count of the petition: the account commenced November 7, 1907, and consisted of forty-five items amounting in all to

2. MECHANIC'S LIEN: statute of limitation.

$384.16. The date of the last item in the account was May 26, 1908. The statements for mechanics' liens were filed May 11, 1911. The petition to foreclose these liens in the present case was filed May 13, 1911. From the date of the last item in this account, May 26, 1908, to the date when the notice and claims for

mechanics' liens were filed on May 11, 1911, is almost three. years. It is contended by appellants that the right to foreclose is barred in two years from the expiration of the ninety days allowed for filing the claims whether the claim is filed at that time or not. This is the rule established by our prior cases construing Code Sec. 3447, Paragraph 4. This section provides in substance that the action must be brought within two years from the expiration of the ninety days for filing the claim as provided in the law relative to mechanics' liens. See *Squier v. Parks,* 56 Iowa 407; *Dimmick v. Hinckley,* 57 Iowa 757; *Johnson v. Otto,* 105 Iowa 605, 607. The first count of the petition was barred by the statute of limitations and the court erred in not so holding.

III. A foreclosure of a mechanics' lien was claimed in one count of the petition on property set off to the widow as her dower or distributive share in land of her deceased husband.

3. DOWER: mechanic's lien: liability.

The decree rendered by the district court established the lien on such land and made the lien superior to the right of the widow. The husband died intestate. There is no homestead question, the widow having elected to take her distributive share. The owner of the land died and his widow's distributive share was set off to her before plaintiff's lien was filed. There is some question between counsel as to whether her distributive share has been set off to her. This is denied by counsel for plaintiff in argument but counsel for appellants claim it has been done and we so understand the record. It is so alleged in the petition of intervention filed by the widow and not denied by any answer thereto. Certain court records referring to this were introduced in evidence but have not been set out in the abstract. Whether it has been set off is not very material; for, as we shall see, if it has been set off she is entitled to it free from plaintiff's claim for mechanics' lien, and if not already done she is yet entitled in equity to have it so set off. Plaintiff was not a party to that proceeding but that is not material. The statements for mechanics' lien and the accounts are not

set out in the record but only a general statement in reference thereto and for this reason it is not entirely clear to us, but as we understand the record, the last item in the accounts for which a lien was claimed on the land set off to the widow was in November, 1909,—at any rate it was about that time.

The husband and the owner of the property, H. D. Copeland, died May 3, 1910. The claims for mechanics' lien were filed May 11, 1911, so that more than ninety days had elapsed from the date of the last item in the account, before the death of Copeland, and his death occurred before the claims for mechanics' liens were filed. The statute, Sec. 3092, provides, substantially, that the claims for mechanics' lien must be filed with the clerk within ninety days from the date on which the last material shall have been furnished; but a failure to file the same within said period shall not defeat the lien except against purchasers or incumbrancers in good faith, without notice, whose rights accrued after the ninety days and before any claims for the lien were filed. It is the claim of appellants that the right of dower of the widow is an incumbrance and that her rights accrued after the ninety days provided for filing claims for mechanics' liens and before the claim for the lien was filed. The claim at this point is that before any notice or claims for lien were filed, the court had set apart to the widow, Carrie C. Copeland, her distributive share in the premises sought to be burdened by the lien and that said distributive share and the rights of the widow thereto were superior and paramount to any lien of this plaintiff or that could be decreed to this plaintiff. In support of the proposition they cite, *Tetzloff v. May*, 151 Iowa 441; *Mock v. Watson*, 41 Iowa 241, 246. These cases will be referred to later. The entire argument of appellees at this point, without the citation of any authority, is as follows:

"It is asserted in appellants' argument that she obtained some kind of an interest in said lands by causing a portion thereof to be set aside to her. It would be sufficient to say in

answer to this proposition, that if she instituted or carried through any such proceedings, plaintiff was not a party thereto, but when we get down to the meaning of this assertion, all there is to it, is, that in her pleadings she avers that she has taken some steps or that the general appraisers appointed in the estate made some entry in their report with regard to her claim as a widow. There is no showing or evidence that any part of said real estate was at any time set off to said widow as her share or property, and plaintiff having a lien thereon for materials furnished, no such order could have affected their rights, unless they were made a party thereto, so we deny that there is anything in this mere assertion which shows that said widow ever had any lien on said lands or any part thereof.''

We have already stated that the record does show that her dower was set off to her as claimed. It was said in *Re Estate of Kennedy*, 154 Iowa 460, 464: ''undoubtedly 'purchaser,' in its broad sense when referring to the acquirement of title, includes everyone who obtains title otherwise than by descent. *Bennett v. Hibbert*, 88 Iowa 154; *In Re Estate of Gill*, 79 Iowa 296. But in common parlance, and as ordinarily used, its meaning is more restricted and is understood to be one who obtains through negotiation or the like, for a consideration.'' In *Rausch v. Moore*, 48 Iowa 611, it was said the distributive share of the widow is a materially different estate from that derived by descent. But whether she is or is not a purchaser, it is clear that her dower right is, in a sense, an incumbrance, and further, that under other provisions of the statute she is entitled to have it set off to her free from plaintiff's claim because her husband was vested with title while she was his wife and she had not relinquished her right, nor had she been divested of it by judicial sale or by any other method provided by law. The exact point has not been heretofore determined as to whether the dower right is an incumbrance as against a mechanic's lien under the statute.

But it is clearly an incumbrance in the sense that neither deceased, nor the heirs, nor anyone else could mortgage or convey the land free from such charge or right and deprive the widow of her distributive share. But after all, as to the widow's share, it is not so much a question as to whether it is an incumbrance, but whether, under the other provisions of the statute, she is entitled to have it set off to her free from debts.

The books refer to the dower right as an incumbrance. *McGuire v. Luckey*, 129 Iowa 559, 563; *Morey v. Morey*, 113 Iowa 152, 155; 11 Cyc. 1112. In a Nebraska case, *Butler v. Fitzgerald*, 27 L. R. A. 252, it is said: "It was expressly held in *Shearer v. Ranger*, 22 Pick. 447, that, 'an inchoate right of dower is an existing incumbrance on land, within the meaning of the covenant against incumbrances.' However this may be, it is clear that, 'when lawful marriage of a man and woman and the ownership of real estate by the former concur, an inchoate dower right attaches, in the nature of a charge or incumbrance upon the real estate of the husband.' Under certain conditions, unnecessary to notice here, the dower right may never attach; but when it has once attached it remains and continues a charge or incumbrance upon the real estate, unless released by the voluntary act of the wife or extinguished by operation of law and is consummate upon the death of the husband."

It seems that the Nebraska statute is not like ours in regard to depriving the widow of dower by a judicial sale but that is not material to the question being now determined. Some of our cases refer to the widow's share or dower right as a right in and to the physical property and hold that upon the death of the husband the wife succeeds at once to the title in fee simple to one-third of his real estate. *Butler v. Butler*, 151 Iowa 583, 588.

Her right to dower accrued at the death of her husband, which, as before stated, was after the ninety days for filing a claim for a mechanics' lien and before such claim was filed.

Code Sec. 3366 provides that "one-third in value of all the legal or equitable estates in real property possessed by the husband at any time during the marriage, which have not been sold on execution or other judicial sale, and to which the wife had made no relinquishment of her right, shall be set apart as her property in fee simple, if she survive him."

We have here, then, a case where the deceased husband was, during the marriage and at his death, seized of all the real estate involved in this case; it had not been sold on execution or other judicial sale; the widow has not relinquished her right; the husband is dead. Her dower is not subject to his debts. There are cases holding that her dower is subject to a mortgage for the purchase money and to a mortgage executed before marriage, for reasons which do not exist in this case.

In *Tetzloff v. May, supra,* it was held that "an attachment levied against a husband's real estate during his lifetime but not confirmed by judgment or sale prior to his death, is not a lien paramount to his widow's distributive share in such real estate." And in *Mock v. Watson,* 41 Iowa 241, 246, it is said, "the interest of the wife is not, as that of the heirs, . . . made subject to the rights of others, and the charges against the estate. It is secured by absolute words and no conditions or limitations are affixed to it. These cannot be engrafted on the statute upon presumption of legislative intention." In *Rausch v. Moore, supra,* it was held that the unassigned dower interest of a widow in the real estate of her deceased husband is not subject to an attachment in an action at law.

In 14 Cyc., at page 922, a number of cases are cited on the proposition that in most jurisdictions a widow's dower is not affected by the statutory mechanics' lien for labor performed or materials furnished in the improvement of her husband's lands.

It is our conclusion that plaintiff is not entitled to mechanics' lien against the share of the widow. We do not

find in the record that plaintiff's entire claim as filed against
the administrator was allowed and established in probate as
a fourth-class claim against the estate. If it has been so
allowed, there is no necessity for again allowing it by the
judgment in this case. If it has not been allowed as such
claim, the judgment of the district court in so far as it ren-
dered judgment for the amount on this count may stand as
establishing the claim against the estate, there being no
objection thereto by appellants.

IV. The trial court established plaintiff's lien and decreed
a foreclosure as to land in counts 2, 3, and 4, and as superior
to the claims of third-class creditors whose claims had been
filed and allowed and as superior to the rights
of the administrators who had obtained an
order to sell the land to pay debts. Appellant
contends that these claims are also incum-
brances on the land and that plaintiff's claim for mechanics'
liens were not filed until after the ninety days provided by
the statute; that the third-class claims are incumbrances, in
good faith, and that such claimants had no notice of plaintiff's
claim. They also claim that their rights accrued after the
ninety days and before plaintiff's claims for mechanics' liens
were filed.

It may be true that these claims are in a sense an incum-
brance, but we are of opinion that they are not such incum-
brances as are contemplated by Sec. 3092 of the Code. As
stated, that section provides that a failure to file the mechanics'
lien within the time allowed shall not defeat the lien, except
against purchasers or incumbrancers in good faith, without
notice, etc. If deceased had lived and plaintiff had obtained
a judgment against him, it would have been a lien or incum-
brance, but not an incumbrance without notice, nor would
plaintiff be a purchaser without notice, etc. The meaning of
the statute is, we think, that it contemplates an incumbrance,
such as a mortgage or the like, where money is advanced or a

transaction of that nature is had, and that such incumbrance is in good faith, and without notice.

The trial court rendered judgment for the several amounts on the three counts referred to, as claims against the estate, with directions to the administrators, and established mechanics' liens and decreed foreclosure. The plaintiff was entitled to a mechanics' lien and foreclosure thereof, against the three properties referred to in the three counts of the petition, which does not include the property referred to in count one, which was barred by the statute of limitations, and the property referred to in the count where the widow's dower was set off. Such liens were decreed to be prior to the incumbrance or claim of the third-class claimants. The decree establishing mechanics' liens as prior to third-class claimants is affirmed.

V. It is contended by appellant that a mechanics' lien may not be established and foreclosed against the property of a decedent, or property owned by one who has died since the materials were furnished. It has been so held in some cases, but the weight of authority seems to be that the death of the owner of the property with whom the contract for an improvement was made does not affect the right of lien claimants to perfect and enforce their liens. 27 Cyc. 52 and cases. See also *Russell v. Howell*, 69 Atl. 886 (N. H.). Our statute, Sec. 3092, gives the material-man furnishing materials for an improvement ninety days within which he may file his claim for a mechanics' lien and it may be filed after that time and be made a lien except as to purchasers or incumbrancers, etc. There is nothing in the statute to suggest that the lien shall be lost if the owner dies within the ninety days or within the time in which he may file his claim. We therefore hold that the owner's death did not deprive plaintiff of its lien. It may be said further at this point that counsel for appellant cite authorities to the effect that if the materials were simply sold on personal account without any under-

5. MECHANIC'S
LIEN: death
of owner:
right of con-
tractor to per-
fect lien.

standing or agreement that the material was to be used in a building, it would be a sale of the material relying exclusively upon the credit of the buyer and that under such circumstances no lien can be claimed because the person furnishing material does not rely upon the security afforded by the lien. One of the cases so cited is *Coates v. Shorey*, 8 Iowa 415. See also *Oddfellows Hall v. Masser*, 24 Pa. St. 507 (64 Am. Dec. 675), where it was held that a material-man cannot enforce a lien against a building if the materials were not furnished upon the credit of the building but upon that of the contractor.   This being so it would seem that the lien is a claim in part at least *in rem* and for this reason it should be held that the right to the lien does not cease at the death of the owner of the land.   We may say in this connection that under the evidence we are satisfied that there was a contract to furnish the material for the buildings and improvements as claimed.

As to the claim of the appellants that the account set up in one of the counts of the petition is not an open, continuous account, we think the point is not well taken.   There may be some other points suggested in argument but they are not of sufficient importance to require notice.   All points raised have been considered and we are of opinion that the judgments and decree appealed from should be affirmed except as indicated in the opinion.   The cause is remanded for a decree in harmony with the opinion.   The costs of this appeal will be taxed one-half to appellee, and one-half to appellants other than Carrie C. Copeland.—*Affirmed* in part, *Reversed* in part.

LADD, C. J., EVANS, and WEAVER, JJ., concur.