AUGUST TETZLOFF, Appellee, v. GEORGE E. MAY, Administrator, et al., Appellants.

AUGUST HAVENER, Appellee, v. GEORGE E. MAY et al., Appellants.

EXECUTORS AND ADMINISTRATORS: Allowance to Surviving
1  Wife—Annulment of Order—Estoppel. Long delay upon the
   part of a creditor of an estate in attacking the propriety of an
   allowance to the widow for her support for the year following
   the death of her husband, may deprive the court of *any discretion* to set aside such allowance, even though the order of allowance has *some* appearance of having been obtained by undue
   advantage.

JUDGMENT: Conclusiveness—Matters Concluded. A judgment on
2  appeal from an order involving the *priority* of a creditor's claim
   and an allowance to a surviving widow for her year's support,
   is not an adjudication of the *propriety* of the order for allowance to the widow.

*Appeal from Floyd District Court.*—C. H. KELLEY, Judge.

DECEMBER 11, 1917.

APPEAL from an order in probate cancelling and setting aside allowance made to the widow for her support.—
*Reversed and remanded.*

*F. & F. M. Lingenfelder,* for appellants.

*H. J. Fitzgerald,* for appellees.

1. EXECUTORS AND
ADMINISTRA-
TORS: allow-
ance to sur-
viving wife:
annulment of
order: es-
toppel.

STEVENS, J.—This appeal presents a question growing out of a controversy twice previously before this court. *Tetzloff v. May,* 151 Iowa 441; *Tetzloff v. May,* 172 Iowa 617.

Pauline Feil, appellant herein, is the surviving widow

of C. C. Feil, deceased, and, on August 22, 1910, which was less than a year after the death of her husband,—which occurred February 14, 1910,—she filed in the office of the clerk of the district court an application for an allowance of $500 for her support for one year. On September. 20, 1910, August Tetzloff and August Havener, creditors of deceased, and George E. May, administrator of his estate, filed resistance to said application, on the ground that the estate of deceased was practically bankrupt, and that said widow had received life insurance in the sum of $2,000. Subsequently, the exact date not appearing in the abstract, the court allowed appellant, upon said application, the sum of $300. On November 30, 1909, August Tetzloff instituted an action against C. C. Feil to recover a money judgment, and levied a writ of attachment upon certain real estate owned by him. George E. May was appointed and qualified as administrator of the estate of C. C. Feil, and was substituted as defendant in said action. Thereafter, the widow, appellant herein, intervened in said cause, alleging that deceased left no personal property out of which her allowance could be paid, and prayed an order or judgment establishing her right to said allowance as superior to the lien, if any, created by said levy. Upon appeal (see *Tetzloff v. May,* 151 Iowa 441), this court held that the allowance to the widow for her support took precedence over the lien of plaintiff's attachment, and reversed the judgment of the lower court, which established and made the attachment prior to the allowance in favor of the widow.

Prior to the death of C. C. Feil, he and his wife executed a note for $10,000 to a bank in Forest City, securing the payment thereof by a mortgage on said premises. The said mortgage was foreclosed after the decease of Mr. Feil, and said real estate sold; and the net proceeds arising therefrom, after satisfying the special execution issued thereon, amounting to $926.60, were turned over to the clerk of the

district court of Floyd County.  Thereafter, and on December 22, 1913, appellee filed an application in the office of the clerk of the district court, alleging that, on October 13, 1910, he recovered judgment in the district court of Floyd County, Iowa, against C. C. Feil for $602.65, and the lien of said attachment was sustained and special execution ordered thereon; and prayed an order directing the clerk of the district court to turn over sufficient of said funds to pay said judgment, subject only to the widow's allowance and her distributive share therein.  Objections were filed by appellant herein to the disposition sought to be made of the rents and profits derived from said real estate during the period of redemption.  The record in this case does not contain the finding and judgment of the district court upon the hearing of said application, but same was modified by this court and cause remanded for order and decree in harmony with its opinion.  The court held that the widow was entitled to one third of the rents accruing during the period of redemption from the mortgage sale, and that the widow's allowance should have preference over the claims of attaching creditors.

The opinion in *Tetzloff v. May,* supra, was filed November 24, 1915, and it is claimed by counsel for appellee that, on January 5th, following, the clerk of the district court paid what remained in his hands of the net proceeds of the sale of said real estate, after paying the widow her distributive share therein, to appellee upon his judgment.  On January 25, 1916, the appellant filed a petition in the office of the clerk of the district court, reciting that the allowance previously made had not been paid to appellant, and praying an order of court directing the clerk to pay same out of the proceeds of the sale of said real estate which had the administrator filed a joint answer to said application, been turned over to him.  Appellee August Havener and

TWO LAST LINES TRANSPOSED

praying that the allowance previously made to the widow
be set aside; and on December 18, 1916, an order was en-
tered by the court cancelling and setting aside said allow-
ance.  The ground upon which the court set same aside, as
stated in its order, is that the allowance was made without
full knowledge of the facts, and that, had it known of said
life insurance, no allowance whatever would have been made
said widow.  This appeal is from the order of the district
court setting aside and vacating said allowance and over-
ruling appellant's application for an order to direct the
clerk to pay same to her out of the funds above referred to.

Counsel for appellants argue that the
court acted wholly without authority in
setting aside said allowance, for the reason
that the right of appellants thereto was ad-
judicated by this court in the cases cited supra.  From a
careful reading, however, of the record before us upon this
appeal, and of the opinions of the court in said cases, which
are cited by counsel for both appellants and appellees, we
are unable to find that the question of the propriety of said
allowance was in any way involved therein.  The only ques-
tion affecting the same which was involved in either of the
cited cases related to the question of priority between the
same and the lien of appellee's attachment.

2. JUDGMENT:
conclusiveness:
matters con-
cluded.

As above stated, the application of appellant for an
allowance, under Section 3314 of the Code, was filed August
22, 1910; and thereafter, appellee and others filed objec-
tions to same, on the ground that the estate of deceased was
practically insolvent, and that $2,000 life insurance upon
the life of deceased had been paid to the widow.

For some reason not shown in the record, it appears
that the objections filed to the application of appellant for
said allowance were abandoned, or else some advantage
was taken of appellee and the order for said allowance
procured without the knowledge or opportunity of appellee.

to be heard thereon. The record, however, affirmatively shows that appellee knew of said allowance prior to the decision of this court upon the former appeals, but it does not appear that appellee, prior to the 11th of February, 1916, asked the court to modify or cancel said order on the ground that same had been obtained by fraud or by misleading the court. If appellee abandoned said objections, or neglected to insist thereon before the order was made, and permitted the same to stand without objection for more than 5 years after knowledge thereof, such conduct would, in effect, be little short of a consent that said order was properly made. If, on the other hand, the order was obtained by appellant by the fraudulent concealment of the facts stated in appellee's objection, the length of time for which same was known to appellee before he asked that same be set aside would indicate an intention on his part to condone such fraud. Instead of asking the court to set aside said allowance because he had been deprived of an opportunity to be heard upon his objections filed thereto, or because the order had been fraudulently obtained, he proceeds to litigate the question of priority between his attachment lien and said allowance.

In the application filed by him December 22, 1913, asking that the proceeds of the sale of real estate held by the court be turned over to him, he states, among other things:

"That plaintiff's said attachment is a lien on said property, or the proceeds thereof, subject only to said mortgage, the widow's allowance and her distributive share, and the same is a prior lien as against any other claims against said estate or against said property."

And, in his prayer in a supplemental petition filed on May 6, 1914, he says:

"Wherefore plaintiff asks that he have an order of court directing the clerk of said court to apply any and all proceeds from the sale of the aforesaid property in his hands, and also that any proceeds in the hands of said receiver

be applied in the payment and satisfaction of the plaintiff's attachment judgment lien, subject only to the aforesaid rights of Pauline Feil, as surviving widow,  *  *  *."

The only interest he had in the widow's allowance was the effect the payment thereof in preference to his judgment would have upon the fund in the hands of the clerk, to which alone he could look for the payment of his judgment.

By Section 3314 of the Code, the court is authorized, on the petition of the widow or other person interested, to review an allowance previously made to her, and increase or diminish the same, and make such orders in the premises as shall be right and proper. The contention of counsel for appellee is that the matter rested wholly in the discretion of the district court, and that same can be disturbed or set aside upon appeal only when it appears that the court abused its discretion in the matter. It is true that the court is clothed with large discretion in determining whether the allowance previously made to the widow should be modified or set aside; nevertheless, the judgment of the court thereon is subject to review by this court upon appeal.

The clerk of the district court appears to have turned over to appellee, on January 5, 1916, the proceeds left in his hands, after paying the widow her distributive share thereof; and the application to set aside and cancel the allowance of the widow was filed in response to her application for an order to direct the clerk to pay said allowance out of said funds; and the order cancelling and setting same aside was entered December 18, 1916, nearly a year after the funds had been paid to appellee.

It is apparent that appellant has incurred large expense for attorney fees and other necessary expenses in the trial of the several applications filed in the court below, and in the presentation of this and two former appeals to this court, in which the question of priority between the judg-

ment lien of appellee and the allowance for plaintiff was involved. The course of procedure and conduct of appellee as shown herein practically amounted to an implied consent upon his part to the allowance made; and, while the court recites in its order that the allowance would not have been made had its attention been called to the matters set up in appellee's objection thereto, yet it does not appear that said objection was on file when the order was made, and it is not now claimed that the widow or anyone representing her obtained the same by wilfully suppressing said fact, or that the court was misled by anything done by appellant or her attorneys, unless their failure to call the attention of the court to the objections which were not being urged amounts thereto.

In any event, appellee has elected for more than five years to treat the allowance as proper and valid, and, apparently, voluntarily abandoned the objections filed thereto before same was allowed. This court, in *Busby v. Busby,* 120 Iowa 536, held that the court abused its discretion in cancelling and setting aside an allowance, on the ground of fraud, after the same had been paid to the widow, the court saying:

"Under such circumstances, appellee is estopped by his own laches to make this complaint, even if fraud was committed, and he is, therefore, not entitled to the relief demanded."

We do not think that appellee should at this time, under the above facts, be heard to say that the allowance was improper and that same should be set aside for his convenience. We are constrained to hold that the court exceeded its proper discretion in setting aside and cancelling said allowance.

For the reasons above stated, the order and judgment of the district court cancelling the allowance of $300 in favor of appellant for her year's support are reversed, and

this cause remanded to the district court for such further proceedings as may be proper and necessary therein.—*Reversed and remanded.*

Gaynor, C. J.; Weaver and Preston, JJ., concur.