B. M. BANGS, Appellee, v. O. BERG, Appellant.

1. **Mechanic's Lien**: STATEMENT OF ACCOUNT. Where the statement of account attached to an affidavit for a mechanic's lien represents all of the labor and materials for which a lien is claimed as having been furnished on the same date, and it is obvious that such could not have been the case, such error will not defeat the claimant's right to a lien, where from the statement of account and affidavit together there plainly appears the date of the contract under which the work was done, the date of its completion, and that the labor and materials mentioned in the account were supplied between those dates.

2. **Pleading**: SURPLUSAGE. A party is not entitled to have unnecessary averments in a pleading stricken therefrom when such averments cannot operate to his prejudice,

3. ——— : MECHANIC'S LIEN: CONTRACT. A petition in an action for the foreclosure or a mechanic's lien for labor and materials furnished in sinking a well, which alleges that the well was completed according to the agreement of the parties, need not allege that the same furnished sufficient water for the purposes for which it was sunk.

*Appeal from Wright District Court.*—HON. J. L. STEVENS, Judge.

TUESDAY, FEBRUARY 10, 1891.

ACTION in equity to recover an amount alleged to be due for sinking and completing a well, and to fore-close a mechanic's lien therefor. A motion to strike out certain portions of the petition was overruled. A demurrer to the petition was then overruled. The defendant refusing to further plead, a decree was rendered in favor of the plaintiff as prayed. The defendant appeals.—*Affirmed.*

*J. H. Scales,* for appellant.

*Jamison & Secrist,* for appellee.

ROBINSON, J.—The petition alleges that on the twentieth day of August, 1889, the plaintiff entered into an oral agreement with the defendant to furnish the materials and machinery and labor required for, and to sink and put in, a tubular well, and to place therein a pump; that the tubing for the well was to be of iron, two inches in diameter; that the well was to furnish sufficient water for stock and farm purposes; that for the labor and materials required to be furnished by the plaintiff the defendant agreed to board the hands and team engaged in doing the work, and to pay one dollar for each foot of the depth of the well. The petition further alleges that the plaintiff performed his part of the agreement; that the well was sunk on land owned by the defendant and described, to the depth of one hundred and four feet; that the sinking of the well was commenced on the twentieth day of August, 1889, and that on the twenty-fifth day of September, 1889, the plaintiff filed in the office of the clerk of the district court of Wright county a statement for a mechanic's lien, verified by affidavit; that it was a just and true statement and account of his demands; and that the sum of one hundred and fourteen dollars and forty-five cents is due thereon, and unpaid. The statement, of which a copy is attached to the petition, shows a charge against the defendant of one hundred and four dollars for drill-ing and sinking the well and placing a pump therein, and a further charge of ten dollars and forty-five cents

for "board and horse feed" while putting in the well and pump. The demurrer contains numerous grounds. which will be noticed, so far as is necessary, in connection with the arguments of counsel.

I. It seems to be claimed by counsel for the appellant that the statement of account is insufficient in not fixing the time when the materials were furnished and the labor performed. It is shown that the agreement under which the plaintiff claims was made on the twentieth day of August, 1889 ; that the well and pump were completed on the second day of the next month ; and that the labor and materials were furnished by virtue of the agreement. The affidavit attached to the account states that the labor was done and the pump furnished on the dates specified in the account, and the only date therein mentioned is September 2, 1889. It is true that all the labor could not have been performed on that day ; but, taking the statement and account together, and it sufficiently appears that the materials and labor were furnished between the time of making the agreement and the time when it was completed, and both dates are shown. There is a technical want of accuracy, which does not in any manner affect the rights of interested parties. That it was not the result of an intention to mislead or to secure an advantage is apparent. The statement shows the claim of the plaintiff, the items upon which it is based, and the time when they accrued, with sufficient fulness and accuracy for the purposes for which a statement is required. Therefore, the error in statement cannot defeat the right of the plaintiff to a lien.

*1. MECHANIC'S lien: statement of account.*

II. It is said the statement is unnecessarily complicated, and that the court should have stricken from the petition certain averments in regard to the pump, tubing, machinery and board and feed. The petition doubtless contains some unnecessary averments, but they did not and could not result in prejudice to the defendant. It was not only proper, but necessary to a recovery therefor, to plead the agreement

*2. PLEADING: surplusage.*

with reference to board for hands and team. The plaintiff sunk the well and furnished necessary materials and a pump. For that he was to be paid in money and board, and one was as much a part of the contract price as the other. We do not understand counsel to question in argument the right of the plaintiff to a lien for such improvements as that in controversy.

III. It is claimed that the petition does not show that the well furnished sufficient water for stock and farm purposes. It alleges in substance and effect that the well was completed according to the agreement, and we think that was all that was required, in the absence of a motion for a more specific statement.

3. ——: mechanic's lien: contract.

The decree of the district court is AFFIRMED.