GREAT SOUTHERN FIREPROOF HOTEL CO. v. JONES et al. SAME v. AMERICAN BLOWER CO. SAME v. AKRON HYDRAULIC PRESS BRICK CO. SAME v. GRAND RAPIDS SCHOOL FURNITURE CO.

(Circuit Court of Appeals, Sixth Circuit. June 3, 1902.)

Nos. 1,031, 1,032, 1,034, 1,036.

1. MECHANICS' LIENS—SUFFICIENCY OF STATEMENT FILED BY SUBCONTRACTOR— OHIO STATUTE.

Under the provision of Bates' Ann. St. Ohio, § 3185, requiring subcontractors, to entitle them to a mechanic's lien under the preceding section, to file an affidavit within four months, "containing an itemized statement of the amount and value of such labor, machinery, or material," and also a copy of the contract under which the same was furnished, if in writing, the statement so filed must be read in connection with the contract and the averments of the affidavit, and is sufficient if, when so read, it clearly and certainly describes the things charged for,—where such an affidavit set out a copy of the contract, by which the contractor agreed to furnish structural steel for a building at a stated price per 100 pounds, and averred that the annexed account was a true and correct itemized statement of the amount and value of the materials furnished in and about the erection of the building under such contract, the statement is not insufficient because it itemizes the material as "merchandise," with the date and value of each item stated.

**2. SAME.**

Where the work undertaken by a subcontractor is an entire job—as the construction of a heating and ventilating plant—for an entire price, and the contract is set out in the affidavit claiming a lien for the contract price, an itemized statement of account is not required under such statute.

**8. SAME.**

A statement is not insufficient under such statute because trade terms are used to designate the items furnished and charged for, nor because bookkeepers' abbreviations are used therein, where the general character of the articles can be understood by reference to the contract or affidavit.

**4. SAME—VERIFICATION BY AGENT.**

Under a mechanic's lien statute which requires an affidavit of claim to be filed by a subcontractor, but does not designate the person by whom it shall be made, it may be made by any person who deems himself sufficiently acquainted with the facts, as agent for the claimant.

**5. FEDERAL COURTS—FOLLOWING STATE DECISIONS—VALIDITY OF STATE STATUTE.**

A decision of the supreme court of a state declaring a state statute invalid is not binding upon a court of the United States in a suit involving rights of citizens of another state under obligations created or contracts made before such decision was rendered, and which are dependent upon such statute for their validity.

**6. MECHANICS' LIENS—VALIDITY OF OHIO STATUTE—LIENS OF SUBCONTRACTORS.**

The Ohio mechanic's lien statute of April 13, 1894 (Bates' Ann. St. § 3184 et seq.), giving an independent lien to subcontractors, is not invalid, as in violation of the Ohio bill of rights.

Appeals from the Circuit Court of the United States for the Southern District of Ohio.

These four separate appeals involve subcontractors' liens asserted under a statute of Ohio against the property of the Great Southern Fireproof Hotel Company at Columbus, Ohio. The material facts common to all the cases are these: By a contract dated October 10, 1894, one William J. McClain became the principal contractor for the complete construction of a large fireproof hotel and opera house for the Great Southern Fireproof Hotel Company, a corporation of the state of Ohio. For the entire materials and work the hotel company agreed to pay the sum of $345,000. The complainants in the suits below, for convenience heard on appeal together, are all subcontractors who did part of the work or furnished part of the materials used in the construction of said building under contracts with the principal contractor, and who now assert liens on the said structure by virtue of the provisions of the law then in force, being an act passed April 13, 1894, and carried into Annotated Ohio Statutes as sections 3184, 3185, and 3185a. The defenses were that the complainants had not complied with the terms and conditions of the law giving the lien claimed, and that, if they had done so, so much of the act of April 13, 1894, as gives a lien upon the property of an owner for materials supplied or labor performed at the instance of a principal contractor is void, as in conflict with the organic law of Ohio. The court below found against both these defenses, and granted the prayers of the several bills.

J. E. Sater and D. F. Pugh, for appellant.

T. P. Linn, for appellees.

Before LURTON, DAY, and SEVERENS, Circuit Judges.

LURTON, Circuit Judge, after making the foregoing statement of the case, delivered the opinion of the court.

1. The hotel company objects to the claims of Jones & Laughlins,

¶ 2. See Mechanics' Liens, vol. 34, Cent. Dig. §§ 256, 257.

Limited, because they did not, in their respective claims for liens, file an "itemized statement or account," as required by section 3185, Bates' Ann. St. To secure the lien provided by the preceding section, section 3185 in substance provides that the person claiming the lien "shall, within four months of the time from performing such labor, or furnishing such machinery or material *file with the recorder of the county,*" etc., "*an affidavit containing an itemized statement of the amount and value of such labor, machinery, or material* and a description of any promissory note or notes given for such labor, machinery or material, or any part thereof, with all credits, and offsets thereon, *a copy of the contract, if it is in writing,* a statement of the amount and times of payment to be made thereunder and a description of the land   *   *   * on which the house   *   *   *   or   *   *   *   structures may stand; *   *   *   and the same shall be recorded in a separate book to be kept therefor, and shall operate as a lien from the date of the first item," etc. (The italics are ours.) The "itemized statement or account" made a part of the recorded affidavit filed, consisted of some 64 items, aggregating $43,296.74, each item being dated. This account is then credited with $31,886.72, leaving a balance due of $11,420.02. The form of this account is as follows:

Pittsburg, Pa., March 21, 1896.

W. J. McClain, Columbus, Ohio, Bought of Jones & Laughlins, Limited. 1895.

| | | |
|---|---|---|
| April 17. | Merchandise.......................................... | $545 10 |
| April 22. | Merchandise.......................................... | 501 21 |

Sixty-two other items of "merchandise," under as many different dates, then follow. The objection is to the indefiniteness of this statement.

"Merchandise," say the appellants, is a trade term covering every form of movable customarily bought and sold for gain, and from an account so stated it cannot be told what kind of merchandise is claimed to be "materials" used in or about the structure erected for the hotel company. "For all that can be known from this itemized statement," say counsel, "the Jones & Laughlins Company may have sold and delivered to McClain, the principal contractor, canary birds, or fiddle strings, for which they now claim a lien upon appellants' property as materials furnished for and on account of the structure erected for it." This criticism is based upon the contention that this statement cannot be read in connection with the affidavit filed by Jones & Laughlins, of which the statement is a part. The statute requires, as a foundation for the lien, the filing and recording of an affidavit "containing an itemized statement of the amount and value" of the materials furnished and work done, and all credits, etc., and a "copy of the contract, if it is in writing," etc. Thus the "contract" and the "itemized statement" are made parts of the lien affidavit. Looking to the Jones & Laughlins affidavit, we find that a copy of the contract with W. J. McClain, who is averred to have been the principal contractor engaged in the erection of the appellants' hotel and opera house, is set out in full, and made part of the affidavit, and that it is averred that "the annexed statement, marked 'A,' which is made part of this affidavit, is a true and correct itemized statement of the amount and value of the labor

performed and materials furnished by said Jones & Laughlins, Limited, to, for, in, and about the construction, erection, and completion of a certain building," etc. "Said labor and materials so furnished to, in, for, and about the construction, erection, and completion of said building were furnished at the times in said annexed statement mentioned under and by virtue of a contract in writing entered into by and between said Jones & Laughlins and one W. J. McClain, who was at the times herein mentioned the principal contractor," etc. Now, if we read this itemized statement, as it was intended to be read, as a part of the recorded affidavit, and in connection with the contract made a part thereof and fully set out, and in connection also with the other facts averred in said affidavit, we shall at once discover that Jones & Laughlins, Limited, had furnished the items of "merchandise" mentioned under a contract by which they were to furnish 900 tons of structural steel needed for the Great Southern Hotel Company, Columbus, Ohio, "fitted ready for erection in accordance with the revised plans and specifications, for the sum of $32,580.00, delivered f. o. b. cars at Columbus"; and that, if more was needed, it should be furnished "at the same rate of $1.81 per hundred, or, if less amount is required than the 900 tons, a deduction to be allowed at the same rate." We shall see also that this affidavit avers that the statement "is a true and correct itemized statement of the amount and value of the labor performed and materials furnished in pursuance of said contract." To refuse an interpretation of this "itemized statement" in the light of the other parts of the same affidavit would be to apply a different rule of construction to such a claim for lien from that applicable to every other kind of written document. The object in requiring the affidavit to include a copy of the written contract and an itemized statement of the labor performed is to give notice to all concerned of the claim and the basis upon which it stands. Manifestly, the itemized statement may be supplemented by any more definite facts which appear to explain it, and which constitute a part of the same recorded affidavit. Blowpipe Co. v. Spencer, 40 W. Va. 698, 21 S. E. 769; Knabbs' Appeal, 10 Pa. 186, 51 Am. Dec. 472; Bangs v. Berg, 82 Iowa, 350, 48 N. W. 90; Bethell v. Lumber Co., 39 Kan. 230, 17 Pac. 813. Construed in connection with the affidavit of which it is a part, it is plain that "merchandise" stands for "structural steel," and that the item under date of April 17, 1895, is for an amount of structural steel delivered that day at $1.81 per hundred, $545.10. If it is desired to know the number of pounds that day delivered, the calculation is easily made. That is certain which can be made certain. The case of Kern v. Pfaff, 44 Mo. App. 29, is not applicable, because no sufficient facts appeared there to enable one to see, without going beyond the affidavit, what the price per roll was, or the number of rolls of paper used. The objection was untenable, and was properly overruled.

2. The objection to the "itemized statement" filed by the American Blower Company as part of its affidavit is even more untenable. The contract made a part of the affidavit, as required by the Ohio statute, shows an entire contract for a heating and ventilating plant at the price of $3,989. The account filed as part of the affidavit is in these words: "Sept. 19. To contract, $3,989.00." Then follow items

not included in the contract, and not objected to. When the job is an entire one for an entire price, an itemized statement is not required. This was the holding under former Ohio statutes containing a requirement substantially like the present statute. Davis v. Hines, 6 Ohio St. 473; Thomas v. Huesman, 10 Ohio St. 152, 158. The cases relied upon by appellant of Lowis v. Cutter, 6 Mo. App. 54, and Nelson v. Withrow, 14 Mo. App. 270, arose under a statute which did not require the contract to be made a part of the filed affidavit. By the very great weight of authority an itemized account is not necessary when the contract is for all the work or materials, or all of a specific part thereof, at a lumping or fixed price. 20 Am. & Eng. Enc. Law (2d Ed.) p. 414, and cases there cited.

The next objection is that there is no date to show when this lien was attached. The date June 29, 1896, at head of account, is plainly the date when made up. The date September 19th, at top and to the left of item "To contract, $3,989.00," is, by comparison with the contract referred to and part of the same affidavit, the date when the "contract" was made. The next date below, November 4th, is evidently the date of "first item," or beginning, of the work.

3. The itemized statement of the Akron Hydraulic Press Brick Company is also objected to as vague. When read in connection with the other parts of the affidavit, we see that the items are for brick of various quality and shape. A statement of account is not insufficient simply because trade terms and bookkeepers' abbreviations are used. No one can fail to see that the items of the account are for different kinds of brick, the number and price of each being given. It is not enough, to render an itemized statement insufficient under such a lien statute, that every one shall know just what kind of brick are meant by such an item as "745 jack arch," or "385 plain arch," or "9,100 standard 2nds." If, by reading the itemized statement in connection with the affidavit of which it is a part, it can be seen that the items are for brick claimed to have been furnished under a contract, written or oral, the requirement of the statute of an "itemized statement" is substantially complied with. If such trade terms or bookkeepers' abbreviations are unintelligible to the court, it is competent to hear evidence from those familiar with the trade as to their meaning. Wetmore v. Marsh, 81 Iowa, 677, 47 N. W. 1021; Henry v. Plitt, 84 Mo. 237. The objection that the contract is not set out in the affidavit is irrelevant, because it is averred that the contract was not in writing, and the requirement of the statute is that a copy of the contract shall be set out, "if in writing." The terms of the oral contract are sufficiently shown in connection with the account to be regarded as a substantial compliance with the statute.

4. It is next objected that the verification to the filed affidavit of the claim of the Grand Rapids School Furniture Company is not by an agent having knowledge of the facts. This is a pure assumption, based alone upon the fact that the agent verifying is also the counsel of record. The statute does not require that any particular person or agent shall make the statutory affidavit. Undoubtedly any one who deems himself acquainted with the facts may make the necessary

affidavit. There is nothing in the transcript to indicate that the agent who made the affidavit in question was not acquainted with the facts to which he has sworn.

5. The next objection is that the act of April 13, 1894, under which for the first time an independent lien is given to subcontractors who furnish materials or perform labor at the instance of the principal contractor, was invalid, as in conflict with that provision of the Ohio bill of rights (Article 1, Const. Ohio) which declares that "all men are by nature, free and independent, and have certain inalienable rights, among which are those of enjoying and defending life and liberty, acquiring, possessing and protecting property, and seeking and obtaining happiness and safety." The contention is that a law which enabled a principal contractor, without the consent of the owner, to incumber the owner's property with an independent lien in favor of a subcontractor furnishing labor or materials for use by the principal contractor on the premises of the owner, without regard to the state of accounts between the owner and such contractor, is a law which so interfered with the owner's liberty of contract as to be in excess of the legislative power. In support of this view the appellant has cited and relied upon the opinion of the supreme court of Ohio in Young v. Hardware Co., 55 Ohio St. 423, 45 N. E. 313, in which it was held that the extension of the Ohio mechanic's lien law by the act of April 13, 1894, so as to give an independent lien to sub-contractors, was null and void, as a violation of that liberty of contract declared to be an inalienable right by the Ohio bill of rights. The decision of the Ohio supreme court was made after the liens here asserted had been perfected, and in a cause to which none of the present lienors were parties. The bill of Benjamin F. Jones et al., constituting the joint-stock partnership of Jones & Laughlins, Limited, was demurred to by the hotel company for want of equity, and the demurrer was sustained, and the bill dismissed, in an opinion delivered by the late District Judge Sage, and reported in 79 Fed. 477. From the decree dismissing the bill Jones and others appealed to this court. Upon that appeal this court, upon full consideration, held:

First. That a decision of the Ohio supreme court is not obligatory upon courts of the United States when thereby the validity of contracts between a citizen of the United States and a citizen of another state is affected, which were executed before there was any judicial construction of the statute or constitution which seemed to authorize the contract in question. The decision thus made was in accordance with the opinion of this court in Louisville Trust Co. v. City of Cincinnati, 22 C. C. A. 334, 76 Fed. 296, where, after stating the general rule to be that a court of the United States would adopt and follow the construction of a state constitution or statute announced by the highest court of the state, we said:

"A well-grounded exception exists where contracts and obligations have been entered upon before there has been any judicial construction of the statutes upon which the contract or obligation depends by the highest court of the state whose statute is involved. In such a case, if a court of the United States obtains jurisdiction of a question touching the validity, effect, or obligation of such a contract, it will, while leaning to an agreement with

the state court, exercise an independent judgment as to the validity and meaning of such contract, although the meaning and validity of such statutes may be an element in the case, and will not be bound to follow opinions of the state court construing such statute, if such decisions were rendered after the rights involved in the controversy originated."

Burgess v. Seligman, 107 U. S. 20-33, 2 Sup. Ct. 10, 27 L. Ed. 359; Pleasant Tp. v. Ætna Life Ins. Co., 138 U. S. 67-72, 11 Sup. Ct. 215, 34 L. Ed. 864.

Second. Upon the former appeal we also held, after careful consideration, that "neither upon reason nor authority are we able to come to an agreement with the Ohio court," and that, "in the exercise of our independent constitutional jurisdiction, we must declare our conscientious judgment to be that the Ohio statute was not void, and that complainants are entitled to relief thereunder." The decree of the circuit court was accordingly reversed, and the cause remanded for further proceedings. Jones v. Hotel Co., 30 C. C. A. 108–127, 86 Fed. 370. That case was taken by writ of certiorari to the supreme court, where it was held that a limited partnership doing business under a firm name, and organized under the Pennsylvania act approved June 2, 1874, is not a corporation within the rule that a suit by or against a corporation in a court of the United States is conclusively presumed, for the purposes of the litigation, to be one against or by citizens of the state creating the corporation. The citizenship of the stockholders in the firm of Jones & Laughlins, Limited, not otherwise appearing than by an averment that the plaintiffs were "members of the limited partnership association * * * organized under the Pennsylvania act" above mentioned, it was held that it did not sufficiently appear that the plaintiffs were citizens of Pennsylvania. As the jurisdiction depended upon diversity of citizenship, the judgments of the circuit court and of this court were reversed, and the cause remanded for further proceedings, with directions that the plaintiffs be allowed to amend the pleadings upon the subject of the citizenship of the parties, and that the court proceed to a final hearing on the merits if the amendment should show a case within the jurisdiction of the court. Hotel Co. v. Jones, 177 U. S. 449, 20 Sup. Ct. 690, 44 L. Ed. 482. The question of the validity of the Ohio statute was not all considered by the supreme court. The pleadings were accordingly amended so as to show a case within the jurisdiction of the court. Upon final hearings on pleadings and proof there was a decree for the complainants in that case, and a like decree in the other cases, for convenience heard on appeal with that case.

For reasons presented in the former opinion of this court, cited above, we hold that the Ohio lien law of April 13, 1894, conferred upon the appellees a valid and enforceable lien, and the several decrees appealed from are accordingly affirmed, with costs.