F. G. FRYMAN, Appellant, v. EUGENE H. McCAFFREY et al., Appellees.

No. 39207.

NOVEMBER 20, 1928.

SUPPLEMENTAL OPINION MARCH 12, 1929.

REHEARING DENIED JUNE 24, 1929.

*Francis L. Meredith,* for appellant.

*Parrish, Cohen, Guthrie, Watters & Halloran,* for appellees.

FAVILLE, J.—I.   We are not favored with an argument by appellees.

On December 28, 1923, appellant, as a principal contractor, filed a petition praying foreclosure of a mechanic's lien. On December 15, 1925, the case was dismissed. This was by a general order of court, by which said cause, with others, was dismissed for failure to file trial notices for three consecutive terms. On February 16, 1926, the plaintiff commenced the instant case, the petition being a copy of the petition filed in the case that was dismissed. A motion was filed by appellees to strike the petition, urging that the action was barred by the statute of limitations, and also that the former suit involving the same cause of action had been dismissed. The court sustained this motion, and from such ruling this appeal is taken.

The action was not barred by the statute of limitations. The last item of the account was furnished December 15, 1923. The petition was filed February 16, 1926. This was within time. Section 10296, Code of 1924; *Stewart & Co. v. Whicher,* 168 Iowa 269; *Squier v. Parks,* 56 Iowa 407; *Johnson v. Otto,* 105 Iowa 605.

II.   It appears from the record that a trial notice was duly filed for the successive terms of court while the former case was pending, and that, by mistake of the clerk, the trial notice did not properly appear on the docket. The dismissal of the former case did not involve any determination of the merits of the action. It was for an apparent failure to comply with the rule of the court respecting the filing of trial notices. Such dismissal

did not work a determination of the merits of the controversy, nor bar appellant from maintaining the case at bar. Code Sections 11562 and 11563.

The order dismissing appellant's petition was erroneous, and because thereof the case is—*Reversed*.

STEVENS, C. J., and EVANS, KINDIG, and WAGNER, JJ., concur.

### SUPPLEMENTAL OPINION.

PER CURIAM.—A motion to dismiss the appeal in this cause was not ruled upon, and the same is pressed to our attention in a petition for rehearing. The decision in the cause was rendered by the trial court on October 27, 1927. The appellant duly served a notice of appeal on October 29, 1927. It was afterward discovered that the formal judgment entry was not spread upon the record until November 7, 1927. Thereafter, on February 29, 1928, the appellant served a second notice of appeal. In this latter notice, the appellant described the judgment appealed from as having been rendered on the 7th day of November, *1917*, instead of November 7, *1927*. The motion to dismiss is predicated upon said defect in said second notice of appeal respecting the year of the entry of the judgment. Without determining whether or not said second notice of appeal was fatally defective by reason of this obvious error in the date of the judgment, it does appear that the first notice of appeal was sufficient.

Section 12839, Code of 1927, is as follows:

"Notice of appeal shall not be held insufficient because served before the clerk of the trial court has spread the judgment entry upon the court record if it shall appear that such entry has been made in proper form before the appellant's abstract was filed in the office of the clerk of the Supreme Court."

Said section is controlling in the instant case. The abstract was filed within 120 days from the service of the first notice of appeal, and it therefore follows that this court acquired jurisdiction of the case. There was no dismissal filed under the first notice.

The motion to dismiss the appeal is overruled, and the petition for rehearing is also overruled.