WORMHOUDT LUMBER COMPANY, Appellee, v. UNION BANK & TRUST COMPANY, Appellant.

No. 45750.

930

FEBRUARY 17, 1942.

Gilmore, Moon & Bannister, for appellant.

Chester W. Whitmore and Buell McCash, for appellee.

GARFIELD, J.—On October 3, 1938, Mrs. Caroline D. Christie made a written contract with L. W. Stearns, a contractor, and plaintiff-appellee, Wormhoudt Lumber Company, a dealer in building materials, for the erection of a dwelling house for her for $7,304. Stearns and appellee were termed the ''contractor,'' although the lumber company signed primarily to guarantee performance of the contract, in return for Stearns purchasing the materials from appellee. Stearns constructed the house to near completion. Between November 16, 1938, and March 1, 1939, Mrs. Christie made and delivered to Stearns to apply upon the contract price eight checks drawn on her account in defendant-appellant bank, payable to ''Wormhoudt Lumber Co. and L. W. Stearns.'' Stearns indorsed these checks totaling $5,100 not only in his own name but also in the name of the lumber company. Appellant bank cashed the checks and charged the deposit account of Mrs. Christie with the amounts thereof.

The court found that the indorsements by Stearns of the lumber company's name on the eight checks were without authority from appellee. Stearns absconded, leaving more than twenty unpaid claims for labor and material furnished for the Christie house. Some mechanics' liens were filed. Appellee, by reason of its contract liability to Mrs. Christie, paid the lienable claims against the property and canceled its own claim for materials furnished, in consideration of the payment to it by Mrs. Christie of the withheld balance of the contract price amounting to $806.69. On August 7, 1939, appellee took a written assignment from Mrs. Christie of all claims held by her against appellant bank arising out of its transactions with Stearns.

Thereupon appellee brought this action at law against the

bank as assignee of Mrs. Christie to recover the amounts wrongfully charged against the Christie account on the checks bearing the unauthorized indorsements. The petition conceded that $1,400 of the proceeds of the eight checks was paid to appellee by Stearns, thereby reducing its claim to $3,700. The case was tried to the court without a jury. In its judgment, the court credited the bank not only with the $1,400 which appellee received from Stearns, but also with approximately $2,150 which Stearns had paid, out of the proceeds of the checks, for labor and materials for the Christie job for which mechanics' liens might have been filed if the claims had not been paid. Judgment was entered against the bank for so much of the amounts paid out on the checks wrongfully indorsed as Stearns had not used to pay appellee or other lienable claims against the property. This amount was found to be $1,553.86. The bank has appealed.

I. At the outset we are met with appellee's motion to dismiss the appeal based in part upon appellant's failure to comply with Rule 30 of this court. It must be admitted that appellant's assignments of error fall considerably short of strict compliance with our rule. Nevertheless we have concluded to overrule the motion and consider the appeal on its merits.

II. It is too elementary to require the citation of authority that the findings of the court in this action at law have the effect of a jury verdict and this court will not interfere if such findings are supported by substantial evidence.

III. Before considering the matters complained of, we mention certain well settled legal propositions applicable to the case. A bank is ordinarily under an absolute contractual duty to determine at its peril the genuineness of indorsements of its depositor's checks. It has no right to charge the depositor's account with amounts paid out on unauthorized indorsements and, if it does so, regardless of its good faith or freedom from negligence, it will be held liable to the drawer, unless the latter's negligence or other fault has misled the bank. 9 C. J. S. 734 et seq., section 356c; 7 Am. Jur. 427 et seq., section 590; McCornack v. Central St. Bk., 203 Iowa 833, 836, 211 N. W. 542, 52 A. L. R. 1297; Erickson Co. v. Iowa Nat. Bk., 211 Iowa 495,

497, 230 N. W. 342; German Sav. Bk. v. Citizens' Nat. Bk., 101 Iowa 530, 538, 70 N. W. 769, 63 Am. St. Rep. 399. See sections 9483, 9646, Code, 1939 (sections 23, 185, of Negotiable Instruments Law). The drawee bank will not be liable, however, for money paid out on an unauthorized indorsement which reaches the person whom the drawer intended should receive it. 9 C. J. S. 737, section 356c. Where a check is payable to two payees who are not partners, both must indorse unless the one indorsing has authority to indorse for the other. Code section 9501 (section 41 of Negotiable Instruments Law).

■ IV. We consider now the matters urged by appellant. Mrs. Christie was entirely within her rights in making the checks payable to both appellee and Stearns. They were both named in the building contract as contractor. Appellee requested that the checks be so made. Stearns accepted them in that form. Appellee had not only, in effect, guaranteed performance of the contract but furnished the greater part of the. materials and obviously was interested in the proper application of the funds.

■ V. Appellant argues that Mrs. Christie suffered no loss as a result of appellant's charging her account with money paid out on the unauthorized indorsements; that she agreed to pay $7,304 for her house; that is all she did pay, aside from certain extras, and she has her house free from liens. It must be conceded that appellee, as assignee of Mrs. Christie, has no greater rights than she would have had as plaintiff. The contention, however, is without merit. The reason Mrs. Christie ultimately suffered no loss is because appellee protected her, as it had contracted to do, and paid off the lienable claims against the property. Appellant is not entitled to credit for the money paid by appellee for Mrs. Christie's benefit to laborers and materialmen, nor for the amount of the appellee's own claim for materials furnished, which appellee canceled. The money paid by appellee was not payment of any part of appellant's liability to its depositor. This contention is ruled by National Surety Co. v. Bankers Tr. Co., 210 Iowa 323, 228 N. W. 635; New Amsterdam Cas. Co. v. Albia St. Bk., 214 Iowa 541, 239 N. W. 4, 242 N. W. 538; Grubnau v. Centennial Nat. Bk., 279 Pa. 501, 124 A. 142. See, too, Shipman v. Bank, 126 N. Y. 318, 27 N. E. 371, 374, 12 L. R. A. 791, 22 Am. St. Rep. 821.

██ VI. During the progress of the trial appellant's counsel offered to prove that appellee was indebted to Stearns on other jobs having no relation to the Christie contract. The court, upon appellee's objection that it was immaterial and outside the issues, ultimately refused to consider the offers of evidence, stating as his reason that appellant had not pleaded any indebtedness from appellee to Stearns as a defense or by way of setoff or counterclaim. Appellant's theory is that, if it paid Stearns money which should have gone to appellee, this caused appellee no loss if it, in turn, were indebted to Stearns on other matters. Some of the offers were merely of claimed excessive charges on the part of appellee against Stearns for material furnished on other jobs which were not claimed to have been paid by Stearns.

Without passing upon the propriety of the above evidence if it had been within the issues pleaded by appellant nor deciding whether these matters could properly have been made the basis of setoff or counterclaim, we think it clear that appellant could not avail itself of these matters without having pleaded them. It is too elementary to require the citation of authorities that a setoff not pleaded cannot be proven. What appellant was attempting, without any pleading to support it, was an accounting between appellee and Stearns who was not a party to the suit and would not be bound thereby. During the progress of the trial appellant moved that Stearns be made a party, under Code section 10981. However, so far as the record shows, the motion was never submitted to the court nor ruled upon, and appellant cannot be heard to complain that Stearns was not made a party.

██ VII. Although not mentioned in any assignment of error, appellant argues that the court erred in not crediting it with $63.64 paid by Stearns, out of the proceeds of the checks, for workmen's compensation insurance and social security for his workmen. Appellant is scarcely in position to urge this matter, not only because not assigned as error, but also because of its concession that it does not complain of the amount of the judgment if appellant be held liable. Nevertheless, we think the ruling was proper. The money did not go

to anyone whom Mrs. Christie intended should receive it, nor was she benefited by the payment of these two small items. Her property could not be subjected to a mechanic's lien for premium on workmen's compensation insurance nor for social security. Code sections 10270 and 10271 do not include such items. Section 10299 (5), applicable to liens on certain public improvements, includes claims for workmen's compensation insurance but has no application to this case.

VIII. Appellant urges that Mrs. Christie was negligent as a matter of law in failing to object to the indorsement of her checks by Stearns within a reasonable time after her monthly statements and canceled checks had been returned to her. Assuming that the evidence would justify a finding of negligence on the part of Mrs. Christie, we are clear that such a finding as a matter of law was not required. It must be remembered that the primary duty to determine the genuineness of indorsements rests upon the drawee bank which has obligated itself to pay out the money of its depositor only to those authorized to receive it. Ordinarily, when a depositor receives back his canceled checks, he has a right to assume that the bank has satisfied itself that the payees' indorsements are genuine, as it was in duty bound to do, and is under no affirmative duty to examine the returned vouchers for forged or unauthorized indorsements, unless he has reason to believe they are without authority. New Amsterdam Cas. Co. v. Albia St. Bk., 214 Iowa 541, 551, 239 N. W. 4, 242 N. W. 538, and cases cited; 9 C. J. S. 748, section 356d (4). The lack of duty ordinarily resting on a depositor to look for forged indorsements on canceled checks should not be confused with his duty to exercise due care to detect forgeries of his own signature as maker, from the returned vouchers and bank statement. 9 C. J. S. 743, section 356d (1). This was an affirmative defense which appellant was required to prove by a preponderance of the evidence. Without discussing the testimony, we are satisfied it is ample to support the finding of the court that Mrs. Christie was not negligent as claimed by appellant.

IX. Appellant's remaining contention is that the court erred in not finding as a matter of law that Stearns had

implied, apparent or ostensible authority from the lumber company to indorse the checks. Appellant makes no claim that Stearns had express authority to indorse these checks for appellee. It is doubtful if appellant is in position to make this contention in view of the following concession made by its counsel upon the trial:

"I think you have proved that presentation to the bank was without authority from Wormhoudt. Stearns didn't have authority to make indorsement on any of these checks. Stearns had no business to sign these checks and get the. money."

Aside from the above, however, we are clear that appellant did not establish as a matter of law either implied or ostensible authority on the part of Stearns to sign appellee's name. Here, again, the burden to prove such authority rested upon appellant. On this issue, appellant relies upon Federal L. Bk. v. Union B. & Tr. Co., 228 Iowa 205, 209, 290 N. W. 512. There, however, the evidence of ostensible authority was much stronger than here; there was a finding in favor of the bank; the payee of the checks appealed and we held there was sufficient evidence to support the finding. The opinion of the trial court here indicates that he gave careful consideration to the evidence bearing on the authority of Stearns. He found that appellee had no knowledge that Stearns was indorsing the checks. There is ample evidence to support the finding of lack of authority.

Some other questions are mentioned in argument. We find no basis, however, for disturbing the judgment and it is affirmed.—Affirmed.

All JUSTICES concur, except that WENNERSTRUM, J., takes no part.