CRANE COMPANY, Appellee, v. DR. F. C. WESTERMAN et al., Appellants.

No. 46165.

Cor. Vande Steeg, of Orange City, for appellants.

T. E. Klay, of Orange City, for appellee.

WENNERSTRUM, J.—Plaintiff, as assignee of Ray Jasper, seeks to recover judgment, and to enforce a mechanic's lien on account of labor, materials, and incidentals, including the expense of lodging, transportation, and meals, incurred by Jasper in the improvement of a building. The defendants filed a general denial, and also alleged that the work was improperly performed and consequently worthless. The defendants also counterclaimed for negligently setting fire to defendants' property and for certain other items. Upon trial the court found for the plaintiff and entered judgment against the defendants for the amount sued on. The defendants' counterclaim was dismissed for lack of sufficient evidence. The defendants have appealed.

The evidence discloses that the title to the property on which the improvements were made was held in the name of F. C. Westerman. It is further shown that Westerman and Cor. Vande Steeg were interested in the property, which is located in Perry, Iowa. These men and others obtained this property in a bank settlement wherein the directors of an undisclosed bank obtained ownership of it. Title was taken in the name of Westerman. Vande Steeg testified that he had an undisclosed interest in this property, that he found the tenants, but that he had no definite arrangement with anyone relative to his control of it. He further testified that the several owners are scattered, some being in Minnesota, two in California, and there are others whose residences are not known. A question has been raised

in this appeal as to the authority of Vande Steeg to authorize the improvements which occasioned this litigation. However, his own testimony shows that he has an interest in the property, that he had been collecting the rents, and that he had heretofore ordered improvements upon the property and had paid for some of them. He further testified that he consulted Westerman in reference to some of these improvements.

Ray Jasper, at the time of the making of the improvements in question, lived in Orange City, where Cor. Vande Steeg also resides. Jasper is a plumber and it is shown that he had had experience in the installation of heating plants. He testified that Vande Steeg came to his place of business and conferred with him relative to installing a furnace in a building in Perry; that Vande Steeg stated that he was in charge of the building; that there was a furnace in it but that it was necessary to put in another one as an auxiliary heating unit. Jasper further testified that Vande Steeg told him that he had bought a furnace that had been used in a garage and he wanted him to install it. Jasper also testified that he stated to Vande Steeg that the place of installation was 200 miles from his home and that Vande Steeg then said that he would pay for the meals, mileage, and lodging.

The furnace purchased by Vande Steeg was installed in the building at Perry. However, it is claimed by the defendants that the installation was improper and that a fire resulted from defective wiring. The plaintiff contends that the installation was in keeping with the defendants' directions and plans and that the old furnace was not in such a condition as to be installed so that it would properly heat the building.

I. It is defendants' contention that a mechanic's lien can only be enforced pursuant to a contract entered into by the owners of the property sought to be charged. There is no denial of the claim that Vande Steeg holds an interest in the property in question, that he made the initial contact relative to the work to be done, and that he thereafter contracted with Jasper for the proposed improvements. We hold that there has been sufficient proof to show Vande Steeg's interest in the property and that the lien was a proper one because of the arrangements made with Vande Steeg.

II. It is contended that the lien filed included non-lienable items for lodging, meals, and mileage. The mechanic's lien statute is found in section 10271, Code 1939, and provides that:

"Every person who shall furnish any material for or perform any labor upon any building, * * * shall have a lien upon such building * * * to secure payment for material furnished or the labor performed."

The question now presented is whether or not items covering lodging, meals, and mileage are lienable items and for which recovery can be had.

In the case of Bangs v. Berg, 82 Iowa 350, 352, 48 N. W. 90, 91, this court passed upon the question as to the recovery of board and feed. We there said:

"It was not only proper, but necessary to a recovery therefor, to plead the agreement with reference to board for hands and team. The plaintiff sunk the well and furnished necessary materials and a pump. For that he was to be paid in money and board, and one was as much a part of the contract price as the other."

In Page & Son v. Grant, 127 Iowa 249, 255, 103 N. W. 124, 127, the question as to the inclusion of a charge for drayage was commented upon, and we there said:

"Next it is argued that, as the statement included drayage, this is sufficient to defeat the claim. We do not think so. The item was put in under claim of an agreement that it should be added to and made a part of the contract price, and we think this claim is established. But, if not, there is no such showing in regard to it as would defeat this plaintiff's claim."

The agreement as testified to by Jasper provided that payment was to include the items of board, lodging, and mileage. There is no denial on the part of Vande Steeg of this provision of the contract. Inasmuch as this was part of the contract agreement, we hold, under the facts in this case, that it is a lienable item.

As bearing upon the question of transportation charges, attention is here called to 36 Am. Jur., Mechanics' Liens, 62, section 76, where it is stated:

"It has also been held that where one under contract with the owner or principal contractor hauls material for the construction or repair of a building, he is entitled to a lien therefor; * * *."

The defendants cite Stubbs v. Clarinda, C. S. & S. W. Ry. Co., 65 Iowa 513, 22 N. W. 654; Garrison Grain & Lumber Co. v. Farmers Mercantile Co., 181 Iowa 568, 164 N. W. 791; Nancolas & Howard v. Hitaffer & Prouty, 136 Iowa 341, 345, 112 N. W. 382, 12 L. R. A., N. S., 864, as authority for the claim that items not particularly referred to in the statute cannot be made the basis of any lien. In some of these cases to which reference has just been made, the basis of the holding was that the items included were fraudulently included. This is not the situation in this case. The questioned items were included because of a contract agreement and under our previous holdings are proper items to be included in the lien. In the case of Wormhoudt Lbr. Co. v. Union Bk. & Tr. Co., 231 Iowa 928, 2 N. W. 2d 267, which was given as an authority by the defendants, it is disclosed that the court there held that premiums on workmen's-compensation insurance and social-security-tax payments could not be made the basis of a mechanic's lien. The facts in this last-cited case do not disclose that these items were included in any contract agreement as the basis of payment.

III. The defendants further contend that the statement of account sought to be enforced by a mechanic's lien must be filed by the principal contractor within ninety days and by a subcontractor within sixty days after the date of the last item, as provided by section 10278, Code, 1939, and that on account of the failure of the plaintiff or its assignee to timely file the lien it cannot now be enforced. This contention made by the defendants is not sound. A failure to file a mechanic's lien within sixty or ninety days does not defeat the lien except where the property is transferred or encumbered. Inasmuch as there was no intervening encumbrance or transfer in the instant case, the lien was

not lost by a failure to file within the time limit specified in Code section 10278.

Code section 10296, Code, 1939, provides that:

"An action to enforce a mechanic's lien may be brought within two years from the expiration of the sixty or ninety days, as the case may be, for filing the claim as provided in this chapter and not afterwards."

The action was brought within the period provided by this statute of limitations. See Stewart & Co. v. Whicher, 168 Iowa 269, 274, 150 N. W. 64; Fryman v. McCaffrey, 208 Iowa 531, 532, 222 N. W. 19, 224 N. W. 95, and cases cited. Other claimed errors as contended for by defendants are without merit.

Upon a review of the whole record and the claims of the defendants it is our conclusion that the decree of the trial court was proper and that it should be affirmed.—Affirmed.

GARFIELD, C. J., and BLISS, HALE, MILLER, SMITH, and MANTZ, JJ., concur.

OLIVER and MULRONEY, JJ., dissent from so much of division II as holds appellee entitled to a mechanic's lien for lodging and meals.