BACHHUBER, Special Trustee, Plaintiff and Appellant, v. RUNDHAMMER, Defendant: FIRST AMERICAN NATIONAL BANK, Defendant and Respondent.

*February 2—March 1, 1966.*

"...

For the appellant there was a brief and oral argument by *Larry W. Rader* of Wausau.

For the respondent there was a brief by *Smith, Puchner, Tinkham & Smith*, attorneys, and *C. Duane Patterson* of counsel, all of Wausau, and oral argument by *Mr. Patterson*.

GORDON, J. We are persuaded that the respondent bank is not liable to the trust because the trust and its new trustee are estopped from complaining.

There are two different bases upon which we hold that the trust is subject to an estoppel. First, the trust is in no position to complain because its trustee (the predecessor of the present trustee, Mr. Bachhuber) was responsible for the loss incurred by the trust. It was Mr. Rundhammer, the predecessor trustee, who had authority to write checks on the trust account; he, himself, drew and endorsed the checks which are the basis of this action. If forgery or any other misconduct was involved, it was the acts of the original trustee himself which caused such loss. Sec. 116.27, Stats.; *Huber Glass Co. v. First Nat. Bank of Kenosha* (1965), 29 Wis. (2d) 106, 138 N. W. (2d) 157; *Wussow v. Badger State Bank* (1931), 204 Wis. 467, 470, 234 N. W. 720.

The fact that there is now a successor trustee does not relieve the trust of the onus which resulted from the previous trustee's acts. At the time the trustee performed those acts, he was the sole trustee, and the bank had no reason to question his actions in relation to the trust.

The second reason for determining that the trust is estopped from complaining about this loss is based upon the well-recognized premise that the drawer of a check which has been paid by the drawee bank upon a forged endorsement is precluded from recovery against the bank to the extent that the money paid on the check by the bank ultimately reaches the person for whom it was intended. *Florida Nat. Bank at St. Petersburg v. Geer* (Fla. 1957), 96 So. (2d) 409, 412; *Coffin v. Fidelity-Philadelphia Trust Co.* (1953), 374 Pa. 378, 97 Atl. (2d) 857, 39 A. L. R. (2d) 625; *Wormhoudt Lumber Co. v. Union Bank & Trust Co.* (1942), 231 Iowa 928, 2 N. W. (2d) 267, 11 NCCA NS 252.

The two checks in question designated Mrs. Rundhammer as payee, and it is clear that she ultimately received the proceeds which were placed into the Rundhammers' joint account. Mrs. Rundhammer wrote checks over her own signature, withdrawing the same amount which is now claimed as a deficiency in the trust account by the trustee. Such withdrawals were made by Mrs. Rundhammer within a short time after the questionable deposits were made. Thus, it is apparent from the record that despite the claim of a forged endorsement of Mrs. Rundhammer's signature, the funds represented by such checks actually reached her. This fact results in an estoppel upon the trust from contending that it was wronged when the bank charged the trust account for the two checks payable to Mrs. Rundhammer.

The learned trial judge concluded that the two checks which were payable to Mrs. Rundhammer were not actually designed to give her an interest therein. Thus, it was determined in the trial court that under sec. 116.13(3), Stats., these were not order checks but, on the contrary, were bearer paper. While we fully agree with the result reached below, we are unable to reach such result under sec. 116.13 (3).

While it may often be difficult to determine whether the maker of a check actually intended another person to

have an interest therein, we think it is clear upon the facts in the case at bar that Mr. Rundhammer did intend his wife to have an interest in the checks. This conclusion results from the following facts: (1) He made the checks payable to her, (2) he deposited them in a joint account in which she had equal power of withdrawal, and (3) most importantly, she did in fact withdraw sums equal to that of the deposits. For the purpose of deciding whether a person has an "interest" under sec. 116.13 (3), Stats., we find no basis for distinguishing between the check itself and the proceeds thereof.

*By the Court.*—Judgment affirmed.