EGGERT & FLATER v. W. A. SNOKE, AUG. REIMERS, WILLIAM A. PUETSCH, Appellants.

**Mechanic's Lien.** Where one accepts a deed stating that it is subject to any claim of certain parties for a mechanic's lien, and also has express notice of their claim, the right of the material men to the lien is not affected.

**Statement of Lien.** A statement of claim of a mechanic's lien is not rendered insufficient merely because indefinite as to dates of items.

*Appeal to Cedar District Court.*—HON. W. N. TREICHLER, Judge.

THURSDAY, FEBRUARY 4, 1904.

ACTION to enforce a mechanic's lien. Decree for plaintiffs, and defendants appeal.—*Affirmed.*

*F. J. Casterline* for appellants.

*T. B. Hanley* for appellees.

McCLAIN, J.—The only controversy in this case is as to the correctness of the judgment against defendant Puetsch, who purchased the premises on which the improvement was made after the making of the improvement. His counsel contend that he had no notice of plaintiff's lien, but it is clearly shown that he took by express provision in his deed subject to any claim of plaintiffs for a mechanic's lien, and also with express notice of their claim. If, then, plaintiffs are entitled to the lien as against any one, it is valid as against Puetsch.

Objection is made to the lien on account of insufficiency of statement filed therefor, but the statement shows clearly that the lien was claimed, and with sufficient definiteness the items of the claim. The case is within the ruling

in *Bangs v. Berg,* 82 Iowa, 352, in which it was held that a statement was sufficient, although indefinite as to dates of items of material and labor furnished and performed.

Many other questions are raised on the record, such as that the contract was made with one of plaintiffs individually, and not with the plaintiff partnership as a firm; that the lien has been extinguished by payment; that plaintiffs are not the owners of the claim sued on; and the like. But an examination of the record satisfies us that there is no merit in any of these contentions, and a discussion of them would not be profitable.

The decree of the lower court is therefore AFFIRMED.