WILLIAM FRANCESCONI, Appellee, v. INDEPENDENT SCHOOL DISTRICT OF WALL LAKE, Appellee, et al., Appellants
(and two other cases).

MECHANICS' LIENS: Public Improvements—''Verified'' Statement
1 As Condition Precedent. Failure to file a *verified* statement of materials or labor employed on a public improvement, as the basis of an action under Sec. 3102, Code of 1897, and Ch. 347, Acts 38 G. A., is fatal to the validity of the claim; and a mere ''certification'' is not a ''verification.''

MECHANICS' LIENS: Statute Governing—Retroactive Effect. Chap-
2 ter 452, Code of 1924, relative to labor and material on public improvements has no retroactive effect—applies only to claims arising after it took effect, to wit, October 28, 1924.

BONDS: Statutory Bonds—Ipso Facto Inclusion of Conditions. Prin-
3 ciple reaffirmed that the statutory conditions of a bond are necessarily a part of a bond executed under the statute.

MECHANICS' LIENS: Public Improvements—Itemized Statement—
4 Sufficiency. A statement for labor employed by the week upon a public improvement is sufficiently itemized when it shows the dates between which the labor was performed; likewise, a statement for labor which consists of duly indorsed weekly time checks which show the date and number of hours worked during each day, even though the statement fails to identify specifically the building on which the work was performed.

**MECHANICS' LIENS:** Public Improvements—Place of Filing Claims. 5 Claims for labor or materials employed on a public improvement were properly filed with the warrant-issuing officer, as provided by Ch. 347, Acts 38 G. A., even though a prior enacted and existing statute (Sec. 3102, Code of 1897) provided for a filing with the warrant-paying officer.

Headnote 1:   35 Cyc. p. 961 (Anno.)   Headnote 2: 35 Cyc. p. 961 (Anno.) **Headnote 3:**   35 Cyc. p. 961 (Anno.)   **Headnote 4:**   35 Cyc. p. 961 (Anno.)   **Headnote 5:**   35 Cyc. p. 961 (Anno.)

Headnote 3:   4 R. C. L. 54.

*Appeal from Sac District Court.*—J. A. HENDERSON, Judge.

## JULY 1, 1927.

### REHEARING DENIED OCTOBER 1, 1927.

Appeal from a decree in three separate actions, brought in equity, to establish certain claims to a fund in the possession of the treasurer of the Independent School District of Wall Lake, growing out of the erection of a school building, and to adjudicate their priority and recover judgment against the contractor, as principal, and against the United States Fidelity & Guaranty Company, as surety, on a bond given by said contractor for the faithful performance of his contract. The three plaintiffs, whose causes of action were consolidated, are William Francesconi, Garver Hardware Company, and E. C. Wickham. Decree was entered in favor of the plaintiffs, as prayed. Numerous claims of other claimants were rejected by the court, among them the claim of A. C. Norman. The United States Fidelity & Guaranty Company and A. C. Norman appeal.

Judgment entered against the appellant surety company in favor of the Garver Hardware Company and E. C. Wickham is *reversed.* Judgment on the appeal of A. C. Norman is *reversed.* In all other particulars, the judgment and decree of the trial court is—*Affirmed.*

*Miller, Kelly, Shuttleworth & McManus,* for United States Fidelity & Guaranty Company, appellant.

*Dunshee & Brody,* for A. C. Norman, appellant, and William Francesconi, International Terrazzo Company, William Colwell, Herrig & Tredway, Swanson & Hasch, and Charles Pack.

*Nourse & Nourse,* for Garver Hardware Company, appellee.

De Graff, J.—I. On or about February 20, 1923, E. H. Brawner entered into a contract in writing with the Independent School District of Wall Lake, Iowa, for the furnishing of materials and labor and the construction of a public school building in the city of Wall Lake, securing the performance of the terms of said contract by a bond signed by himself, as principal, and the United States Fidelity & Guaranty Company, as surety, conditioned as required by Chapter 347, Acts of the Thirty-eighth General Assembly. The contractor defaulted, and the building was completed by the school district. The claims filed for material and labor exceeded in amount the contract price for the building, hence the several actions in equity against the principal and the surety on the bond.

The petition of the Garver Hardware Company was filed August 4, 1924, and that of E. C. Wickham, December 17, 1924; but the record does not disclose the date on which the petition was filed in the action commenced by William Francesconi. All of the claims involved were filed within four months after the date of the last item, except the claim of E. C. Wickham.

Two primary issues are involved, namely: Were the respective claims of the parties named duly itemized and verified, and were they filed in the office of the proper officer of the school district?

We will first dispose of the claim of the Garver Hardware Company. The claim of this appellee was not verified, as required by Section 3102 of the Code of 1897 and Chapter 347,

1. Mechanics' Liens: public improvements: "verified" statement as condition precedent. Acts of the Thirty-eighth General Assembly. This fact was apparently overlooked until objection was made by counsel for the appellant surety company to the admission of the claim in evidence. Thereupon, the claimant filed a duly itemized and verified claim in the office of the clerk of the district court. It

is the claim of appellant surety company that the latter filing was not with the proper officer, nor within the time required by Section 3102 of the Code of 1897 and Chapter 347, Acts of the Thirty-eighth General Assembly, as amended.

Section 3102, Code of 1897, required claims to be filed "with the public officer through whom the payment is to be made * * * within thirty days after the performance of the last labor or the furnishing of the last of the material * * *."

Section 2 of Chapter 347, Acts of the Thirty-eighth General Assembly, as amended by Chapter 147, Acts of the Thirty-ninth General Assembly, provides for the filing of claims for labor or material furnished or performed upon a public building within four months after the date of the last item of labor or material.

Chapter 347, Acts of the Thirty-eighth General Assembly, was amended, revised, and codified by the fortieth extra general assembly (House File 254, Fortieth Extra General Assembly, Chapter 452, Code of 1924).

Section 10308, Code of 1924, provides for the filing of claims in such cases:

"1. At any time before the expiration of thirty days immediately following the completion and final acceptance of the improvement.

"2. At any time after said thirty-day period, if the public corporation has not paid the full contract price as herein authorized, and no action is pending to adjudicate rights in and to the unpaid portion of the contract price."

Section 10309 further provides for the filing of claims during the pendency of the action, as follows:

"The court may permit claims to be filed with it during the pendency of the action hereinafter authorized, if it be made to appear that such belated filing will not materially delay the action."

Appellant surety company contends that the rights of all claimants herein must be determined and adjudicated under the law as it appeared in the Code of 1897 and Chapter 347, Laws of the Thirty-eighth General Assembly, as amended by Chapters 28 and 147 of the Laws of the Thirty-ninth General Assembly, and that the provisions of Chapter 452 of the Code of 1924 have no application thereto. Section 2, Chapter 347, of

the Acts of the Thirty-eighth General Assembly, as amended by Chapter 147, Acts of the Thirty-ninth General Assembly, is as follows:

"Such bond shall be executed in duplicate, one copy of which shall be filed in the office of the clerk of the district court of the county in which such public work is to be performed; and any person for whose benefit the bond is given, or his assigns, may bring an action on such bond for the recovery of such indebtedness; provided that no such action shall be brought on said bond after six months of the completion of any public improvement or building, and provided that a verified, itemized statement of the claim shall be filed with the city clerk, county auditor, or secretary of the school board, as the case may be, within four months after the last item of material is furnished or labor performed."

Prior to the enactment of Chapter 347 there was no provision in the statutes of this state requiring a public body letting the contract for the construction of a school or other public building, to require the contractor to give a bond to secure the performance of his contract. Section 3103 of the Code of 1897 provided that:

"Any party in interest may cause an adjudication of the amount, priority and mode and time of payment of such claim, by an equitable action in the district court of the proper county. In such action the court may assess a reasonable attorney's fee against the party failing, in favor of such corporation."

The provisions of this section are combined with the provisions of Section 2, Chapter 347, and, in the Code of 1924 are codified as Section 10313. The statute makes no specific provision as to the time within which an action under Section 3103 might be brought.

The sufficiency of the several statements and the time of their filing and of the proper place for such filing are before us for review. The original claim filed by the Garver Hardware Company was not verified by the oath of the claimant nor any other person, but the following certificate was attached thereto:

"We hereby certify that the above amount ($1,050) represents the balance due us for which payment has not been received."

By reference to Section 2 of Chapter 347, Laws of the

Thirty-eighth General Assembly, as amended, it will be observed that by the provisions thereof any person for whose benefit a bond is given by the contractor for the erection of a public building, shall be liable directly to any person furnishing labor or material for such building, and that an action may be brought on such bond at any time within six months after the completion of the improvement or building, provided, however, that a verified, itemized statement of the claim has been filed with the secretary of the school board or other officer mentioned, within four months after the date the claimant furnishes his last item of labor or materials. Itemized and verified claims to be filed within four months were conditions precedent to be complied with, to entitle such claimant to recover in an action on the bond. The provisions of this enactment are mandatory. *Independent Sch. Dist. v. Hall*, 159 Iowa 607; *McGillivray Bros. v. District Township*, 96 Iowa 629.

Was the claim of the Garver Hardware Company verified? Clearly not. A verified claim is one supported by oath. Such is the universally accepted meaning of the term. It is true that the term used in Section 3102 of the Code of 1897 is "an itemized sworn statement," but this is immaterial. The two words "sworn" and "verified" in this connection are frequently used interchangeably. The claim of the Garver Hardware Company was, therefore, not verified, as required by the statute, and no right of action accrued in its favor by the filing thereof with the secretary of the school board.

Was the filing of a properly itemized and verified statement in the office of the clerk of the district court during the pendency of the trial sufficient? Clearly not. 2. MECHANICS' LIENS: statute governing: retroactive effect. Chapter 452 of the Code of 1924 did not go into effect until October of that year, which was several months after the time within which claims of laborers or materialmen could be filed, had expired.

Section 2, Chapter 347, was a part of the bond executed by appellant, as fully and completely as though the same had been written therein. *Philip Carey Co. v. Maryland Cas. Co.*, 201 Iowa 1063, and cases cited. The failure of 3. BONDS: statutory bonds: *ipso facto* inclusion of conditions. claimant to verify its claim and to file the same within the time allowed by the law then in force is fatal to its right of recovery. Section 2,

Chapter 347, is not merely procedural in character, but compliance therewith is mandatory and essential to the right of the claimant to an action against the surety on its bond. *Manchester v. Popkin*, 237 Mass. 434 (130 N. E. 62); *Kendall v. Fader*, 199 Ill. 294 (65 N. E. 318).

There is nothing in the provisions of Chapter 452, Code of 1924, to indicate an intention on the part of the legislature that it is to be given retroactive effect. It must be held to apply to claims arising after it went into effect. The right of claimant fully matured under the provisions of Chapter 347, Laws of the Thirty-eighth General Assembly, as amended, and the filing of the claim during the pendency of the trial was not timely. This claim should have been rejected by the court.

II. The claim of E. C. Wickham was not filed within four months after the date of the last item thereon. What we have already said as to the time within which claims should be filed is applicable here. This claim should have been rejected.

III. We come now to the appeal of A. C. Norman. The ground upon which his claim was denied by the court was that it was not properly itemized; that it did not show the commencement and close of the account. In this we think the court is in error. The affidavit attached to the claim, which was for labor performed by the week, does state the dates between which the labor was performed, and the itemized statement itself, in our opinion, sufficiently shows this fact. We think the statute, as to the form of the statement, was sufficiently complied with. *Empire St. Sur. Co. v. City of Des Moines*, 152 Iowa 531; *Eggert & Flater v. Snoke*, 122 Iowa 582; *Johnson v. Otto*, 105 Iowa 605; *Bangs v. Berg*, 82 Iowa 350. This claim should have been allowed, unless it was not filed in the office of the proper party.

*4. MECHANICS' LIENS: public improvements: itemized statement: sufficiency.*

All of the claims in controversy were filed in the office of the secretary of the school board. Some contention is made by appellant that the claims should have been filed with the public officer through whom payment is to be made. Such was the requirement of Section 3102; but Section 2, Chapter 347, Acts of the Thirty-Eighth General Assembly, subsequently enacted, has particular reference to the filing of claims under the pro-

*5. MECHANICS' LIENS: public improvements: place of filing claims.*

vision relating to bonds. This section specifically provides that the claims shall be filed with the secretary of the school board. All claims were filed in the proper office.

IV. The court allowed the claim of one Thomas Bower in the sum of $257.85. The objection urged by appellant to this and other claims of similar nature is that they were not properly itemized. The Bower claim, which was duly verified, consists only of weekly time checks, all of which show the date and number of hours worked during each day of the week. There is no specific statement on the claim or in the verification as to the building upon which the labor was performed. The claim was properly indorsed by the foreman on the school building in question, and was filed with the secretary of the school board. No evidence except the claim was introduced on his behalf. The only objector to the allowance of this claim is the appellant surety company. The claim is very informal, but we think it substantially meets the requirements of the statute.

It follows that the judgment entered against the appellant surety company in favor of the Garver Hardware Company and E. C. Wickham must be, and is, reversed, and that the judgment entered disallowing the claim of appellant A. C. Norman against the fund in the hands of the school district must be, and is, reversed. In all other particulars, the judgment and decree of the court below is affirmed.—*Affirmed in part; reversed in part.*

All the justices concur.