THE STATE OF OHIO *v.* BOWLAND.

[Cite as State v. Bowland (1971), 29 Ohio Misc. 176.]

(Nos. 764339 and 764340—Decided December 30, 1971.)

Toledo Municipal Court.

*Mr. John D. Scouten,* Asst. Law Director, for plaintiff.
*Mr. Joseph D. Weisberg,* for defendant.

GABRIEL, J. By stipulation of the prosecution and defense counsel the instant case is submitted to this court for decision without the production of any testimony or evidence other than the motion to suppress, the memorandum in support of same, the brief, on behalf of prosecution, the reply brief of defense counsel, the inventory and receipt for property seized by search warrant, the search warrant itself and the affidavit for search warrant.

At issue herein is a construction of R. C. 2933.241 as it relates to a search made of a 1971 Chevrolet Sedan, License Number 13539-H, Ohio, pursuant to a search warrant obtained and executed by officers of the Toledo Police Department, wherein and subsequent to which the following inventory and receipt for property seized by search warrant was returnd and filed with the clerk of the Toledo Municipal Court:

CITY OF TOLEDO
DIVISION OF POLICE

Record Bureau No. ........      Date 10-22-71
           Time 11:45 p. m.

INVENTORY AND RECEIPT FOR PROPERTY SEIZED BY SEARCH WARRANT

From 1971 Chevrolet No. 13539-H Ohio Occupied by Lesley Bowland

Person or Place

Inventory of Property Seized Was Made In the Presence of: Lesley Bowland; Det. R. Browning, T. P. D.—Det. D. Schultz, T. P. D.

Warrant Applicant:
         Name: Richard Gruppi, T. P. D.
         Address: 525 N. Erie

Possessor of Seized Property:
         Name: D. Schultz, T. P. D.
         Address: 525 N. Erie
               or

Other Credible Person:
Name: R. Browning, T. P. D.
Address: 525 N. Erie

INVENTORY

$ 454.00 U. S. Currency
299 Football Bet Tickets
2 Horse Bet Slips

Seized property inventorized by undersigned officer, a copy of the Search Warrant and a receipt given to person from whom it was taken (X)

Copy left at place searched ( )

/S/ Det. Roger D. Browning
(Police Officer)

CLERK OF COURT COPY    White

The affidavit for search warrant, the search warrant itself, and the method of execution and return thereof are not the subject of attack by the motion to suppress except in the following two particulars:

1. Defendant contends that failure of Officer Richard Gruppi, the applicant for the warrant, to sign the inventory and receipt, *supra*, invalidates the search because of noncompliance with R. C. 2933.241.

2. Defendant further contends that the search is invalid because of noncompliance with this same code section in that the signature of the officer affixed to the inventory and receipt, *supra*, was not verified.

R. C. 2933.241 provides:

"The officer taking property under a warrant for search shall give to the person from whom or from whose premises the property was taken a copy of the warrant and a receipt for the property taken or shall leave the copy and receipt at the place from which the property was taken. The return shall be made promptly and shall be accompanied by a written inventory of any property taken. The inventory shall be made in the presence of the applicant

for the warrant and the person from whose possession or premises the property was taken, if they are present, or in the presence of at least one credible person other than the applicant for the warrant or the person from whose possession or premises the property was taken and shall be verified by the officer. The judge or magistrate shall upon request deliver a copy of the inventory to the person from whom or from whose premises the property was taken and to the applicant for the warrant.''

The first contention of defendant is without merit as a reading of the above R. C. 2933.241 readily shows. The reference made therein at the very beginning to ''The officer taking property under a warrant for search'' provides an antecedent for the subsequent referral to the person who signs or verifies the inventory. The verifying or signing officer clearly and logically refers to the antecedent clause of ''The officer taking property * * *''; hence, they are one and the same person.

That this officer or person need not be ''the applicant for the warrant'' is clear when viewed in the context of this entire section of the Ohio Revised Code. Obviously, if it is incumbent upon ''The officer taking property * * *'' to verify the inventory, and the inventory must be made ''in the presence of the applicant for the warrant,'' if he is present. *There is no requirement that the applicant officer sign the inventory.*

Defendant's second contention, however, is well taken and the court accordingly grants the motion to suppress.

The proposition that all criminal laws must be strictly construed against the state or governmental agency responsible for the prosecution and in favor of the accused is so basic to our system of jurisprudence as to require no citation of authority. .

When this strict construction also entails the interpretation of statutory language using the mandatory word ''shall'' in respect to requirements imposed upon law enforcement officers, the omission of one such requirement invalidates an otherwise lawful search and seizure.

Specifically, the plain language of R. C. 2933.241 requires, among other things, that the officer taking property

under a warrant for search file with his return a written inventory, and this inventory shall (in other words, "must") be made in the presence of the applicant for the warrant *and* the person from whose possession or premises the property was taken, *if they are present*, or in the presence of at least one credible person other than the applicant for the warrant, or the person from whose possession or premises the property was taken *and shall be verified by the officer*.

Without considering the last requirement, mandating a verification by the officer, it is clear that *if present*, the inventory *must be made* in the presence of *both* the applicant for the warrant and the person from whose possession or premises the property was taken. It is only if one of these two persons is not present that, in the alternative, at least one credible person may be a substitute witness therefor. In no event can the "at least one credible person" substitute himself or themselves for more than one of the two (2) persons first named. Lastly, and perhaps more importantly, neither can be substituted for *unless it appears affirmatively that one of them was not present*. Nowhere on the inventory and receipt for property seized by search warrant does it *affirmatively appear that the warrant applicant*, RICHARD GRUPPI, *was not present*. By implication only would this appear to be the case, since his name does not appear thereon as a witness but does appear as the warrant applicant. This alone is fatal to the validity of the search.

However, when the additional requirement that such inventory *"shall be verified by the officer"* is examined, this also is fatal.

The Legislature of the state of Ohio clearly desired to safeguard the interests of one from whom property was seized pursuant to a *valid* search warrant (whether from his person or premises). The search warrant itself herein is assumed to be valid since it has not been attacked.

All other matters being valid, the affidavit for search warrant and the preliminary means of execution thereof through seizure of property, the Legislature to insure the reliability and authenticity of a search required even more;

namely, an inventory, written and made in the presence of at least one of the two (2) key persons involved and preferably both (the warrant applicant and person from whom taken). If only one is present, then and then only, a credible person or persons may be used as a substitute witness or witnesses. The Legislature, in addition, provided for the giving of a copy of the warrant and a receipt for the property taken or leaving same at the place where the property was taken. By the last sentence of this section both the applicant for warrant and the person from whom or from whose premises the property was taken can receive a copy of such inventory; indeed, *must be given* same upon request of the judge or magistrate.

The question arises as to why the Legislature included the words ''and shall be verified by the officer'' and what is meant thereby.

Truly, without stretching one's imagination in the face of all of the other enumerated safeguards, this clause is not meaningless or it would have been omitted entirely. Not only was it added but mandated by employing the word ''shall'' by way of preface.

The Legislature unquestionably wanted the officer to verify the inventory as an additional safeguard. Perhaps, this requirement was designed to insure the person from whom taken and/or the applicant officer that the ''taking officer'' took no more than that listed thereon in the event either witness was absent at the time of the taking and to commit the ''taking officer'' officially in the event more might be discovered later to have been taken by him.

What does the word ''verified'' mean?

In *Black's Law Dictionary, Fourth Edition*, ''verify'' is first defined as follows, complete with the annotations also shown:

''To confirm or substantiate by oath. *S. B. McMaster, Inc.,* v. *Chevrolet Motor Co.,* D. C. S. C., 3 F. 2d 469, 471; *Francesconi* v. *Independent School Dist. of Wall Lake,* 204 Iowa 307, 214 N. W. 882, 885; *Marshall* v. *State,* 116 Neb. 45, 215 N. W. 564, 566. Particularly used of making formal oath to accounts, petitions, pleadings, and other papers.

''The word 'verified,' *when used in a statute,* ordi-

narily imports a verity attested by the sanctity of an oath. [Emphasis added.] *Bristol* v. *Buck,* 201 App. Div. 100, 194 N. Y. S. 53, 55. It is frequently used interchangeably with 'sworn.' *Francesconi* v. *Independent School Dist. of Wall Lake,* 204 Iowa, 307, 214 N. W. 882, 885.''

*Bouvier's Law Dictionary, Third Revision* defines ''verify'' as follows: ''The swearing to an affidavit. To confirm and substantiate by oath * * *.''

Applying the principle of strict construction of a criminal statute against the state as well as the ordinary legal meaning of the word ''verify,'' the failure of Officer Roger D. Browning to confirm or substantiate by oath invalidates the search and seizure made in the instant case.

Accordingly, defendant's motion to suppress the evidence seized is hereby granted.