THE STATE OF OHIO, APPELLEE, *v.* WEICHOWSKI, APPELLANT.

(No. 582—Decided October 22, 1975.)

*Mr. Kenneth McArtor,* for appellee.
*Mr. Robert G. Schultz,* for appellant.

MAHONEY, J. This is an appeal from a conviction in the Court of Common Pleas of Medina County, for possession of marijuana in violation of R. C. 3719.41. The defendant, Robert Weichowski, claims that the trial court should have sustained his motion to suppress evidence obtained under a search warrant because the warrant was obtained without probable cause and the affidavit did not substantially set forth the offense in relation to the property to be seized. He also contends that the inventory filed after the search pursuant to Crim. R. 41(D) was improper in that it was not executed in the defendant's presence and his absence is not noted in the inventory.

The affidavit filed in the Municipal Court reads, in its pertinent parts:

"Pursuant to the following information, affiant states his belief that (a) certain item(s), to-wit:

a) Marihuana

b) Implements for the use and packaging of marihuana

c) Methamphetamine

d) Implements (needles) for the administration of methamphetamine

e) Barbiturates

are located (in) premises known as the red and white trailer located behind the Sunoco Station at 735 N. Court St.

"That said property is the only red and white trailer at that location, and that it is a rental property currently the residence of one Rick Lambright and one Robert Weischowski.

"That the facts upon which such belief is based, are: Information supplied by a confidential and reliable source, whose information has proved reliable in the past, and whose information has enabled law enforcers to confiscate narcotics in the past and has been checked by other sources.

"Affiant further states there is urgent necessity that the aforesaid premises be searched to prevent said property from being concealed or removed so as not to be found and that the informant has seen the described items on this premises. Further that the investigation of this officer has allowed him to obtain such items known to have come from this trailer. * * *"

The testimony before the municipal judge on the hearing to obtain the warrant was substantially as follows:

"Sgt. Shows: We have information supplied by a confidential informant who is known to me for approximately a year, whose information has been reliable to me in the past, and enabled me and other officers to confiscate narcotics in the past, and his information has been considered reliable in the past. The informant has seen items described in this warrant on the premises described in the warrant, and it is through my investigation I have been able to obtain some of these items myself that are known to have come from the premises. The items that are supposed to be on there are: Marijuana, implements for packaging marijuana, methamphetamine, hypodermic needles and syringes for administering amphetamines and barbiturate tablets. This is probably located at 735 North Court Street.

A red and white trailor [sic] is parked in the back of the lot. It is the only red and white trailor [sic] in the lot. The trailor [sic] is currently used as living quarters for Rick Lambright and Robert Wiechowski. I am also asking for permission to search any cars on the lot that these two individuals may have keys to."

Crim. R. 41 (C) provides:

"Issuance and contents. A warrant shall issue under this rule only on an affidavit or affidavits sworn to before a judge of a court of record and establishing the grounds for issuing the warrant. The affidavit shall name or describe the person to be searched or particularly describe the place to be searched, name or describe the property to be searched for and seized, state substantially the offense in relation thereto, and state the factual basis for the affiant's belief that such property is there located. * * * The finding of probable cause may be based upon hearsay in whole or in part, provided there is a substantial basis for believing the source of the hearsay to be credible and for believing that there is a factual basis for the information furnished. * * *"

### First Issue

Our Supreme Court in State v. Haynes (1971), 25 Ohio St. 2d 264, and State v. Joseph (1971), 25 Ohio St. 2d 95, ruled that when considering the issue of probable cause in an application for a search warrant predicated upon an informer's statement, we are bound by the federal standards laid down in Augilar v. Texas (1964), 378 U. S. 108; Spinelli v. United States (1969), 393 U. S. 410 and United States v. Ventresca (1965), 380 U. S. 102. That test is two fold and requires the affidavit to contain:

"* * * First, the underlying circumstances which will enable the magistrate to independently judge the validity of the informant's conclusion that the narcotics were on the premises; second, sufficient information to show that the informant was credible or his information was reliable." (State v. Haynes, supra at 266.)

The first was met in that the affidavit set forth that the informant had seen the described items and that the

officer had obtained some of the contraband from another source upon investigation. The second was also met in that the affiant had known the informant for over a year and knew that he had supplied other information which had resulted in the confiscation of contraband drugs and other illicit drug-use paraphenalia. There is also some corroboration by the officer's investigation.

While we recognize that the affidavit does not specify the code sections believed to be violated, we find there was sufficient compliance with Crim. R. 41 since the affidavit alleges that certain drugs and hypodermic needles were in the house and it is common knowledge that their possession is a violation of the law. Thus, we apply the common sense rule of *Ventresca, supra,* and avoid being hypertechnical as urged by Chief Justice O'Neill in *State* v. *Haynes, supra.*

### Second Issue

The defendant urges us to adopt the reasoning of the Court of Common Pleas in *State* v. *Bowland* (1971), 29 Ohio Misc. 176 and hold that a failure to show in the inventory that the defendant was not present is fatal and voids a substitution for him of a "credible person." The *Bowland* case applied that reasoning to a fact situation where the face of the inventory return did not show the applicant for the warrant was not present and that a substitution for him was necessary. The court suppressed the evidence on this technicality. We reject the reasoning of that case as unsound. In the first instance, such a decision puts a factual requirement into Crim. R. 41(D) which is not there and which could readily be ascertained at a hearing on a motion to suppress. Secondly, the preparation of the inventory and return is a ministerial act which does not create any statutory right in the defendant for a suppression of evidence. Being ministerial, it could be corrected if improperly prepared and returned.

In this case, the defendant was absent at the time of the search and a credible person was substituted for him. These facts were all established at the hearing on the motion to suppress. The state fully complied with Crim. R. 41(D).

We, therefore, conclude that there was sufficient evidence before the Court to make an independent judgment that probable cause existed to believe that contraband was on the premises sought to be searched. We, therefore, affirm the judgment of the trial court.

*Judgment affirmed.*

VICTOR, P. J., and BRENNEMAN, J., concur.