DECISION AND JUDGMENT ENTRY
Roger Farley appeals his convictions for three counts of aggravated possession of drugs. Farley contends that the Lawrence County Common Pleas Court erred in denying his motion to suppress evidence seized from his home because the warrant was executed at night without authority. Because Farley failed to raise this error in the trial court and did not demonstrate plain error, we disagree. Additionally, Farley asserts that the trial court erred in denying his motion to suppress because he did not witness or sign the inventory. Because the preparation of an inventory is a ministerial act that does not create any statutory right for the suppression of evidence, we disagree. Next, Farley asserts that the trial court erred in failing to make adequate findings in denying the motion to suppress. Because the motion raised no factual issues, and because the trial court adequately stated its conclusions, we disagree. Finally, Farley asserts that the trial court erred in denying his motion for post-conviction relief. Because the trial court's ruling on the motion for post-conviction relief constitutes a separate proceeding from the underlying criminal proceeding, the ruling is not properly before this court and we decline to address it. Accordingly, we affirm the judgment of the trial court.
 I.
Officer Sexton, an investigator with the Lawrence County Prosecutor's Office and the Director of the Lawrence County Drug Task Force, filed an affidavit seeking to obtain a search warrant for Farley's residence. In the affidavit, Officer Sexton alleged that Farley had illegal prescription drugs, firearms, and cash in his residence. Officer Sexton requested a nighttime, no-knock search to increase the element of surprise and ensure the safety of the officers and occupants of the residence. The trial court issued the warrant as requested. The last sentence contained in the warrant simply stated, "a nighttime search is requested," but did not specifically state that the request was granted.
At approximately 6:00 a.m. on June 23, 1999, officers from Lawrence County, the Lawrence County Drug Task Force, the Bureau of Criminal Investigations, and the Ironton and Chesapeake Police Departments, executed the search warrant and an arrest warrant on Farley at his Chesapeake residence. Officer Sexton interviewed Farley at his residence as the other officers conducted the search. After the interview, officers removed Farley from his residence and, by 9:13 a.m., Farley was incarcerated at the Lawrence County Jail in Ironton. The officers completed their search of Farley's home at approximately 10:00 a.m. Officer Sexton and Special Agent Dozer signed the inventory listing the items taken in the search.
Based upon items found in the search, Farley was indicted on three counts of aggravated possession of drugs, in violation of R.C. 2925.11(A), and one food stamp coupons violation with a firearm specification, in violation of R.C. 2913.46(A). Farley filed a motion to suppress, alleging that he was prejudiced when the officers removed him from the scene prior to the conclusion of the search and inventory. The trial court denied his motion, finding that Farley failed to demonstrate that he was prejudiced by the officers' actions.
Farley pled no contest to the drug charges, and the state dismissed the remaining charge. On March 8, 2000, the trial court sentenced Farley. Farley filed a pro se notice of appeal on April 13, 2000, and motion for a delayed appeal and appointment of counsel on June 12, 2000. We granted Farley's motion for delayed appeal on July 24, 2000.
On August 21, 2000, Farley filed a pro se Crim.R. 12(E) motion for findings of fact and conclusions of law regarding the denial of his motion to suppress. The trial court denied his motion on the grounds that this appeal was pending. On September 11, 2000, Farley filed a pro se
R.C. 2953.21 motion for post-conviction relief. The trial court denied the motion, finding that the issues it raised all could be addressed by this court in Farley's direct appeal.
On October 3, 2000, Farley filed an affidavit of indigency with this court and we appointed counsel to represent him on appeal. In his brief to this court, through counsel, Farley asserts the following assignments of error:
 THE TRIAL COURT ERRED AS A MATTER OF LAW/ABUSE OF DISCRETION AND TO THE PREJUDICE OF APPELLANT DENYING APPELLANT'S MOTION TO SUPPRESS THE EVIDENCE LOCATED AT THE RESIDENCE DURING THE SEARCH.
 THE TRIAL COURT ERRED AS A MATTER OF LAW/ABUSE OF DISCRETION AND TO THE PREJUDICE OF APPELLANT WHERE THE COURT FAILED TO MAKE ADEQUATE FINDINGS DENYING THE MOTION TO SUPPRESS.
 THE TRIAL COURT ERRED AS A MATTER OF LAW/ABUSE OF DISCRETION AND TO THE PREJUDICE OF APPELLANT UNDER THE SIXTH AND FOURTEENTH AMENDMENT (sic) TO THE UNITED STATES CONSTITUTION AND THE OHIO CONSTITUTION, ARTICLE ONE, SECTIONS TEN AND SIXTEEN, BY DENYING THE MOTION TO VACATE AND SET ASIDE THE SENTENCE AND BY FAILING TO PROVIDE FINDINGS OF FACT AND CONCLUSIONS OF LAW THUS DENYING APPELLANT THE OPPORTUNITY FOR ADEQUATE APPELLATE REVIEW.
 II.
In his first assignment of error, Farley asserts that the trial court erred in denying his motion to suppress. Farley asserts that the trial court should have granted his motion to suppress because the officers conducted a nighttime search without demonstrating an urgent necessity to do so. Additionally, Farley asserts that the trial court should have granted his motion because the officers removed him from his residence before they completed the search and did not permit him to sign the inventory.
Appellate review of a decision on a motion to suppress evidence usually presents mixed questions of law and fact. United States v. Martinez
(C.A.11 1992), 949 F.2d 1117, 1119. A reviewing court must accept a trial court's factual findings if they are supported by competent, credible evidence. State v. Guysinger (1993), 86 Ohio App.3d 592, 594. The reviewing court then applies the factual findings to the law regarding suppression of evidence. An appellate court reviews the trial court's application of the law de novo. State v. Anderson (1995),100 Ohio App.3d 688, 691.
 A.
Farley asserts that the trial court erred in failing to grant his motion to suppress because the warrant did not authorize a nighttime search and, even if it did, the state failed to demonstrate an urgent necessity to conduct a nighttime search. Farley did not raise the issue of whether the nighttime search was proper in the trial court. When a party fails to raise an objection to the proceedings at trial, he waives all but plain error. Crim.R. 52(B). The Supreme Court of Ohio has cautioned that "notice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a miscarriage of justice." State v. Long (1978), 53 Ohio St.2d 91, paragraph three of the syllabus.
R.C. 2933.24 states in part that the warrant shall be served in the daytime, unless the requesting officer demonstrates an urgent necessity for a nighttime search. The decision to order a nighttime search is within the issuing judge's discretion. State v. Marko (1973),36 Ohio App.2d 114, 124. The burden is upon the defendant to show that the judge abused his discretion. State v. Eichhorn (1975),47 Ohio App.2d 227.
In State v. Coburn (May 31, 1990), Scioto App. No. 1744, unreported, the officers requested a warrant for a nighttime search for cocaine. A judge issued the warrant as requested, except that the space on the pre-printed warrant form in which "daytime" or "nighttime" should have been inserted, the form was left blank. Reasoning that the issuing judge intended to grant the warrant as requested, this court found that omission of the word "nighttime" was a clerical error. Additionally, noting that drugs such as cocaine are easily destroyed, this court determined the issuing judge did not abuse his discretion in concluding that the officers demonstrated an urgent necessity to conduct the search at night.
Similarly, in the search warrant affidavit in this case, Officer Sexton alleged that Farley had prescription drugs in his home. Officer Sexton requested permission to conduct the search at night. In the warrant issued, the judge simply stated, "a nighttime search is requested," but did not specifically grant the nighttime search.
We find that the allegations contained in the search warrant affidavit were sufficient to authorize a nighttime search, because prescription drugs can easily be destroyed. Moreover, given the sufficient allegations in the complaint and the fact that the issuing judge mentioned the nighttime request without specifically denying it, we find that the judge intended to grant the nighttime search request. Therefore, the issuing judge did not abuse his discretion in authorizing the nighttime search. Thus, the trial court did not err, let alone commit plain error, in denying the motion to suppress on the grounds that the search should not have been conducted at night.
 B.
Farley also claims that the trial court should have granted his motion to suppress based upon flaws with the inventory. Specifically, Farley contends that the arresting officers should have allowed him to remain at his residence until the search was completed so that he could witness and sign the inventory. Because the state does not dispute that the officers removed Farley from his residence before they completed the search and inventory, Farley contends that the items found in the search must be suppressed.
Pursuant to R.C. 2933.241, when officers take property pursuant to a search warrant, they must prepare an inventory of the property taken. R.C. 2933.241 provides in part that "[t]he inventory shall be made in the presence of the applicant for the warrant and the person from whose possession or premises the property was taken, if they are present, or in the presence of at least one credible person other than the applicant." However, "the preparation of the inventory and return is a ministerial act which does not create any statutory right in the defendant for a suppression of evidence." State v. Weichowski (1975), 49 Ohio App.2d 151,154.
Because the preparation and return of an inventory is ministerial, even if the officers did err in preparing and returning Farley's inventory, the error would not have prejudiced Farley or given him a right to suppression of the evidence seized in the search. Therefore, the trial court did not err in denying Farley's motion to suppress.
Accordingly, we overrule Farley's first assignment of error.
 III.
In his second assignment of error, Farley asserts that the trial court erred in failing to make adequate findings of fact when it denied his motion to suppress. Farley complains that the trial court merely recited recent case holdings in its judgment entry denying the motion to suppress. Farley filed a motion for findings of fact while this appeal was pending, and the trial court denied his motion.
Crim.R. 12(E) provides in relevant part that, "[w]here factual issues are involved in determining a motion [to suppress], the court shall state its essential findings on the record."
In this case, the state did not dispute Farley's contention that the officers removed him from his home prior to their completion of the search and inventory, and defended the motion to suppress exclusively on the legal grounds that the errors Farley alleged did not create a right of suppression. The trial court issued a judgment entry in which it engaged in a thorough analysis of the law regarding inventories, and found as a matter of law that Farley's allegations did not justify suppression of the evidence seized in the search. Because there were no factual issues involved in determining Farley's motion to suppress, the trial court did not err in failing to make findings of fact.
Accordingly, we overrule Farley's second assignment of error.
 IV.
In his final assignment of error, Farley asserts that the trial court erred in denying his motion for post-conviction relief on the grounds that this appeal was pending. In fact, an examination of the trial court's order reveals that the trial court actually denied Farley's motion because his claims could have been "properly addressed to the court of appeals." Res judicata bars claims for post-conviction relief that are based on allegations the petitioner raised or could have raised at trial or on direct appeal. State v. Perry (1967), 10 Ohio St.2d 175.
We decline, however, to address whether Farley presented claims in his motion for post-conviction relief that he could have raised on direct appeal. A post-conviction relief proceeding constitutes a separate, civil proceeding that is distinct from the underlying criminal proceeding. Statev. Wilson (1995), 73 Ohio St.3d 40, 45, citing State v. Milanovich
(1975), 42 Ohio St.2d 46, 49. Thus, a petitioner must file a separate notice of appeal from the denial of a motion for post-conviction relief. Therefore, the denial of Farley's motion for post-conviction relief is not properly before us in this appeal, and we decline to address its merits.
Accordingly, we overrule Farley's third assignment of error.
In conclusion, we overrule each of Farley's assignments of error, and we affirm the judgment of the trial court.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Lawrence County Court of Common Pleas to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted by the trial court or this court, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. The stay as herein continued will terminate in any event at the expiration of the sixty-day period.
The stay shall terminate earlier if the appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
 __________________________ Roger L. Kline, Judge.
Evans, J. Harsha, J. Concur in Judgment and Opinion as to Assignments of Error II III and Concur in Judgment Only as to Assignment of Error I.